**NORTHERN STATE BANK OF THIEF RIVER FALLS, Respondent,**

v.

**Morris EFTELAND, et al., Appellants.**

No. C0–87–247.

Court of Appeals of Minnesota.

July 21, 1987.

Lawrence A. McDowell, Wurst, McDowell & Ihle, Ltd., Thief River Falls, for respondent.

Neil A. McEwen, McEwen Law Office, Thief River Falls, for appellants.

Considered and decided by LANSING, P.J., and RANDALL and HUSPENI, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Respondent Northern State Bank of Thief River Falls brought this action against appellants, the Eftelands, seeking a foreclosure sale; judgment in the amount due under a mortgage; plus interest, attorney fees, taxes, and insurance. Appellants sought protection under the Farmer-Lender Mediation Act, Minn.Stat. §§ 583.20 to 583.-22 (1986). From the trial court's grant of summary judgment to respondents, the Eftelands appeal. We affirm.

## FACTS

On June 30, 1982, appellants bought a parcel of land consisting of a residence, pig farrowing barns, two additional buildings, and 26 acres. Appellants ran the pig farm for over a year, but moved off the land and ceased operation in 1983, when they experienced severe financial difficulty. They have not farmed the land since then.

Appellants purchased the land by a promissory note secured by respondent's mortgage. Appellants made interest payments, but no principal payments. On May 6, 1985, they stopped making interest payments.

Respondent brought this foreclosure action under Minn.Stat. ch. 581. Appellants contended they are entitled to protection of Minn.Stat. § 583.20 et seq, the Farmer-Lender Mediation Act. From the trial court's grant of summary judgment in favor of respondent, the Eftelands appeal, and we affirm.

## ISSUES

1. Are appellants entitled to the protection of the Farmer-Lender Mediation Act, Minn.Stat. § 583.20 et seq.?

2. Are appellants entitled to a jury valuation of the farm?

3. Is respondent entitled to an increased award of attorney fees?

## ANALYSIS

### I.

*Farmer-Lender Mediation Act*

Appellants contend that, although they are in default, they are entitled to protection of the Farmer-Lender Mediation Act, Minn.Stat. §§ 583.20–.32 (1986). The scope

of the Act is defined in Minn.Stat. § 583.24, subd. 2(a):

> Except as provided in paragraph (b) the farmer-lender mediation act applies to a debtor who is:
>
> 1. a person operating a family farm as defined in section 500.24, subdivision 2 * * *.

However,

> [t]he farmer-lender mediation act does not apply to a debtor who owns and leases *less than 60 acres with less than $20,000 in gross sales of agricultural products the preceding year.*

Minn.Stat. § 583.24, subd. 2(b) (emphasis added). Minn.Stat. § 500.24, subd. 2(b) (1986) defines "family farm" as

> an unincorporated farming unit owned by one or more persons residing on the farm or actively engaged in farming.

The trial court concluded appellants are excluded from the protection of the act:

> The admitted facts eliminate the defendants from the benefits of the Farmer-Lender Mediation Act. The purpose of the Act being to alleviate the distress of farmers. Defendants are not farmers and have not been engaged in any farm activities for three years. Further, the tract of land in question is less than 60 acres as defined by the statute as being exempt from the Act and the debtors had less than $20,000 income from agricultural products the preceding year, to wit: the debtors have had no income whatsoever from the land for three years. Defendants are not farming within the meaning of the statute and have not been farming for three years nor can the 26 acres be considered a family farm when the defendants have not resided thereon for three years or more and they are not actively engaged in farming as required by the statute.
>
> * * * * * *
>
> The Mediation Act was intended to alleviate the distress the farmer is presently undergoing and since defendants are not and have not been farming for three or more years they are not entitled to the protection of the statute.

Appellants concede they are excluded from protection by the plain wording of the statute, but urge this court to look at the "time frame" of Minn.Stat. § 583.24, subd. 2(b), "$20,000 in gross sales *of the preceding year."* They contend courts should apply the $20,000 test to the time the mortgage was entered into, rather than at the time of the foreclosure. Appellants reason that this construction of the statute advances the interests of the persons the statute was designed to protect, farmers who have "gone broke," and have, as a consequence, been unable to farm. They argue the benefits of the Act should not be denied to people who have been out of farming for more than one year.

■ We do not address the merits of this argument, because even if appellants did meet the $20,000 in gross sales part of the test, subdivision 2(b) requires, in addition, that the debtor own at least 60 acres. Appellants' farm is only 26 acres, thus excluding them from protection under the Act.

## II.

### *Jury Valuation*

Appellants argue Minn.Stat. § 582.30, subd. 1 (1986) entitles them to a jury valuation of their farm: Subdivision 1 states in part:

> (a) Except as provided in this section, a person holding a mortgage may obtain a deficiency judgment against the mortgagor if the amount a person holding a mortgage receives from a foreclosure sale is less than:
>
> (1) the amount remaining unpaid on the mortgage under chapter 580; or
>
> (2) the amount of the judgment entered under chapter 581.

Minn.Stat. § 582.30, subd. 5(a) (1986) states that for mortgages entered on or before March 22, 1986:

> on property used in agricultural production * * * a deficiency judgment may only be obtained by filing a separate action for a deficiency judgment within 90 days after the foreclosure sale.

Under § 582.30, subd. 5(b), the valuation must be a "separate jury proceeding."

Appellants argue they are entitled to a jury valuation because the land was "used in agricultural production." Respondent argues appellant is not entitled to a jury valuation because appellants have not used the land for agricultural production since 1983. It urges this court to determine whether the land is "used in agricultural production" as of the date of the foreclosure.

■ Whether or not appellants' land was used in "agricultural production," appellants' demand for a jury valuation is premature. For appellants to assert their right to a jury valuation of their property, the foreclosure sale must have taken place. The plain language of section 582.30, subd. 1, requires that the amount received *from a foreclosure sale* be less than the amount of the judgment. Section 582.30, subd. 5(a) states: "If a mortgage * * * on property used in agricultural production *is foreclosed and sold * * *.*" (Emphasis added). Appellants do not come within this act because the foreclosure sale has not taken place.

### III.

*Attorney Fees*

■ Respondents raise, in their brief, a challenge to the amount of attorney fees awarded them by the trial court, and argue for more fees pursuant to Minn.Stat. § 582.01 (1986). Respondent did not file a notice of review on this issue, and it is barred from our review. Minn.R.Civ.P. 106; *Ford v. Chicago, Milwaukee, St. Paul and Pacific Railroad Co.,* 294 N.W.2d 844 (Minn.1980); *Sumner v. Sumner,* 353 N.W.2d 251 (Minn.Ct.App.1984).

### DECISION

The trial court's grant of summary judgment is affirmed in all respects.