**In re the Marriage of Thomas Gilbert LOO, Petitioner, Appellant,**

v.

**Dorothy Ione LOO, Respondent.**

**No. CX–93–1320.**

Supreme Court of Minnesota.

Aug. 31, 1994.

from considering issues raised by Villarreal's discrimination claim.

Edward J. Matonich, David A. Arndt, Matonich & Presson, Chartered, Hibbing, for appellant.

Gail Murray, Naughtin, Mulvahill & Murray, Hibbing, for respondent.

## OPINION

GARDEBRING, Justice.

This case arises out of a marital dissolution and concerns our holding in *Karon v. Karon*, 435 N.W.2d 501 (Minn.1989), that a waiver of the statutory right to move for modification of spousal maintenance, if contained in a stipulation that a trial court has incorporated in a judgment and decree of marital dissolution, is enforceable. Appellant, Thomas Loo, and respondent, Dorothy Loo, were married

in 1969. On September 24, 1984, prior to the *Karon* decision, the marriage was dissolved by a judgment and decree of dissolution. The judgment and decree incorporated a stipulation which had been signed by the parties and filed with the court three days earlier. Both Thomas and Dorothy were represented by counsel. There was no hearing prior to issuance of the judgment and decree. Many of the assets distributed to Thomas and Dorothy under the terms of the stipulation were not valued.

Two provisions of the judgment and decree of dissolution are at issue in this case. One is the requirement that Thomas pay Dorothy's medical insurance premiums and the other is the spousal maintenance provision. Paragraph 15 of the conclusions of law in the judgment and decree provides in part:

> Upon the entry of the Judgment and Decree, the Respondent shall be responsible to acquire her own policy of health insurance for which the Petitioner shall reimburse her monthly the amount of the premium for said insurance, not to exceed the maximum of $125.00 per month. Petitioner shall have this obligation for a period of five years from and after the entry of the Judgment and Decree or until Respondent shall remarry or obtain insurance at no cost to her as a fringe benefit through employment or shall die.

The relevant portion of paragraph 2 provides:

> That the Petitioner shall pay to the Respondent $1,000 per month as and for spousal maintenance, payable commencing the first of the month following the entry of the Judgment and Decree and for one hundred and seven months thereafter, for a total period of payment of nine years. *After the last of the payments required above, the obligation for spousal maintenance shall terminate irrevocably. Thereafter neither of the parties shall be entitled to alimony then or in the future.*

(Emphasis added).

In September 1989, five years after the judgment and decree and three days after Thomas's duty to pay for Dorothy's medical insurance premiums ended, Dorothy moved the court for an order requiring Thomas to

continue to pay her "medical bills and coverage." At the hearing, her attorney argued that Dorothy's circumstances had changed because her anticipated ability to work had not occurred and that she had extensive health problems. Dorothy's attorney also advised the court at that time that "it would not be unexpected at all that before the conclusion of [the] spousal maintenance [Dorothy] would be making a motion to continue [the spousal maintenance] in force." Thomas's attorney argued that under this court's decision in *Karon v. Karon,* 435 N.W.2d 501 (Minn.1989), Dorothy had waived her right to request a modification of maintenance. Thomas also argued that there had not been a change in circumstances.

The trial court denied Dorothy's motion in a 1990 order. The trial court found that the requirement that Thomas pay for Dorothy's health insurance had terminated. The court cited *Karon* as authority for its conclusion that it did not have jurisdiction to modify the judgment and decree "as it applie[d] to health benefits as such jurisdiction was waived by the parties" pursuant to the stipulation and the judgment and decree. The court also found that Dorothy had failed to establish a substantial change in circumstances from the time of the decree. Dorothy did not appeal the denial of her motion.

In May 1993, approximately four months before the monthly cash award of spousal maintenance was due to expire, Dorothy moved for a modification of the spousal maintenance award based on a substantial change in circumstances. She asked the court to provide for permanent spousal maintenance of $2,500 per month after the termination of the maintenance provided for in the judgment and decree. Also, she again requested that the court order Thomas to continue to reimburse her for the monthly premium amounts she paid for her health insurance. In the affidavit accompanying her motion, Dorothy stated that she had become ill with what was originally diagnosed as multiple sclerosis in the previous "approximately three years." Later testing revealed her condition to be anti-cardiolipin. Dorothy stated that her hands, legs, eyesight and

general health were affected. Her physician's letter stated that:

> Given the severity and nature of Ms. Loo's symptoms as well as the increasing frequency of exacerbations, it is unlikely that she will be able to hold a job. Specifically, safety considerations related to her difficulties with progressive weakness, dizziness, disequilibrium, and visual disturbance, as well as the uncertainty of further deterioration of abilities, would preclude the pursuit of most employment opportunities.

Thomas's attorney argued that the issue of the trial court's jurisdiction to modify spousal maintenance had been litigated and decided in his favor in 1990 and that Dorothy was precluded from relitigating the issue. In addition, he argued that Dorothy's condition was unchanged since her previous motion, except that Thomas's payment of her medical insurance premiums had ceased.

The trial court denied Dorothy's motion for modification of maintenance because it found that the doctrines of law of the case and collateral estoppel precluded relitigation of whether the court had "jurisdiction to modify the terms of the judgment and decree." The court concluded that Dorothy had argued in 1990 for modification of the judgment and decree "as it related to spousal maintenance;" thus the 1990 motion and the 1993 motion were "identical." The court further concluded that jurisdiction to modify spousal maintenance was "waived by the parties pursuant to the Stipulation and subsequent approval by [the] Court and incorporation into the Judgment and Decree * * *."

On appeal, the court of appeals panel reversed the trial court on both the preclusion issue and the existence of a waiver of Dorothy's right to seek modification of maintenance. The court found that the law of the case doctrine was discretionary and that the trial court had abused its discretion in applying the doctrine in this case. The court of appeals also disagreed with the trial court's finding that Dorothy had waived her right to seek a modification of maintenance in the 1984 judgment and decree. The court of appeals concluded that our decision in *Karon* and later court of appeals cases require a

"present waiver" of maintenance to divest a court of jurisdiction to modify. The court concluded that the waiver in the Loos' stipulation was a "future waiver" to take effect when the temporary maintenance terminated, which could not divest the court of jurisdiction until the temporary maintenance terminated. Further, the court held that without a clear or express statement divesting the court of jurisdiction, courts should not assume that the parties specifically bargained to supplant the statutory modification procedure. Concluding that the district court erred in finding it was divested of jurisdiction to modify the Loos' judgment and decree, the court of appeals remanded for an evidentiary hearing on whether Dorothy can establish her entitlement to modification. We granted Thomas's petition for review of the court of appeals' decision.

We first consider whether the trial court was precluded from considering Dorothy's 1993 motion for modification of maintenance. Thomas argues that the issue of whether the trial court had jurisdiction to consider Dorothy's motion to modify spousal maintenance was considered and decided when the court denied her 1990 motion to continue the medical insurance payments. We held in *Rydell v. Rydell,* 310 N.W.2d 112 (Minn.1981) that the principles of res judicata apply to dissolution proceedings subject to the limitation that either party may petition for modification of maintenance under Minn. Stat. § 518.64, subd. 2 (1980) based on substantially increased or decreased needs or resources. The legislature has given the trial courts continuing jurisdiction over dissolution proceedings by allowing modifications in custody, visitation, and maintenance and support unless an enforceable waiver of the statutory right to seek modification of maintenance exists. Absent an enforceable waiver, the parties may always move for such modifications based on changed circumstances; however, decisions on other issues litigated and determined in the course of deciding such motions should be given preclusive effect. Although none of the principles or doctrines requiring that judicial decisions have preclusive effect apply to this case in a

technical sense,[1] the underlying principle that an adjudication on the merits of an issue is conclusive, and should not be relitigated, clearly applies.[2] Therefore, if Dorothy's 1993 motion requires adjudication of an issue which is beyond the court's continuing jurisdiction and which was litigated and decided in her 1990 motion, the 1990 order must be given preclusive effect.

The issue, then, is whether the two motions presented the same legal issue. We hold that, to the extent the 1993 motion requested modification of the spousal maintenance award, they did not.[3] Dorothy's 1990 motion concerned an award of payments for medical insurance. The 1993 motion, however, concerned a specific cash award payable monthly and designated in the judgment and decree as spousal maintenance. The two awards were created by separately bargained-for provisions in the stipulation; only the spousal maintenance provision contained any waiver language. Dorothy's 1990 motion requested modification of the medical insurance payments only; it did not request modification of the payments specifically designated as spousal maintenance.

The trial court stated in its findings of fact on the 1990 motion that the award of medical insurance payments had expired before Dorothy moved to modify it. This factor may have played a role in the court's decision to deny her motion to modify that payment.

The 1993 motion to modify the spousal maintenance award, in contrast, was timely made before the spousal maintenance obligation ended. We conclude that this difference between the 1990 and the 1993 motions is significant enough to undermine the preclusive effect of the 1990 order. We therefore hold that the 1990 order did not preclude Dorothy from making a motion to modify the spousal maintenance provision before the spousal maintenance obligation expired.

We next turn to the larger issue presented by this case, whether the Loos' stipulation contained a valid waiver which divested the district court of jurisdiction to consider a motion for modification of maintenance under Minn.Stat. § 518.64. Although Minn.Stat. § 518.64 provides that orders regarding maintenance may be modified upon a showing of one of several statutory factors, in *Karon* we held that a stipulation in which the parties expressly waive their rights to modify the maintenance terms of the judgment and decree is enforceable and that courts may not later modify the stipulated maintenance provision. *Karon v. Karon*, 435 N.W.2d 501, 503 (Minn.1989). The stipulation in *Karon* required the husband to pay the wife maintenance for 10 years at fixed rates. The stipulation contained the following clause:

> Except for the aforesaid maintenance, each party waives and is forever barred from receiving any spousal maintenance whatsoever from one another, and this court is

1. The doctrine of law of the case is a rule of practice followed between the Minnesota appellate courts and the lower courts. McFarland and Keppel, 3 *Minnesota Civil Practice* § 2532 (2d ed. 1990). It is a discretionary doctrine developed by the appellate courts to effectuate the finality of appellate decisions. It ordinarily applies where an appellate court has ruled on a legal issue and has remanded the case to the lower court for further proceedings. *See Mattson v. Underwriters at Lloyds of London*, 414 N.W.2d 717, 719–20 (Minn.1987); *Lange v. Nelson–Ryan Flight Service, Inc.*, 263 Minn. 152, 116 N.W.2d 266, 268–69 (1962), *cert. denied* 371 U.S. 953, 83 S.Ct. 508, 9 L.Ed.2d 500 (1963). The issue in this case, however, is the preclusion of one trial court's decision by an earlier trial court decision in the same case. The doctrine is not normally applied by a trial court to its own prior decisions. McFarland & Keppel, *supra*.

Res judicata, or claim preclusion, prevents parties from splitting claims into more than one

lawsuit and precludes further litigation of the same claim. McFarland & Keppel, *supra*. Collateral estoppel, or issue preclusion, prevents a party from relitigating issues actually litigated and necessarily determined in a prior lawsuit. *Id.* Both res judicata and collateral estoppel, therefore, apply to the preclusive effect of prior lawsuits. In the case at hand, we are reviewing the impact of a previous decision in the same case.

2. We took a similar approach in *Mattson v. Underwriters at Lloyds of London*, 414 N.W.2d 717, 719–20 (Minn.1987) when we concluded that neither res judicata or law of the case "quite fit," but rather the question was one of finality of judgments, thus preclusion applied. *Id.* at 720.

3. The request in Dorothy's 1993 motion that the court order Thomas to resume the payments for Dorothy's medical insurance seeks relitigation of the exact issue presented and decided in the 1990 order; that issue is clearly precluded.

divested from having any jurisdiction whatsoever to award temporary or permanent spousal maintenance to either of the parties.

*Id.* at 502. Exercising its power under Minn. Stat. § 518.64 to modify a maintenance award based on changed circumstances, the trial court had ordered an increase in the amount of maintenance and made the award permanent, and the court of appeals affirmed. *Id.* at 502–03. We reversed, holding that the clause in the stipulated decree was final and precluded future modification of the award. *Id.* at 503. We note that the stipulation at issue in the *Karon* case contained both a contractual waiver of the statutory right to move for modification of maintenance and express language divesting the court of jurisdiction to consider such motions. *Id.* at 502.

The stipulation in the Loos' judgment and decree contained the following language:

> That the Petitioner shall pay to the Respondent * * * spousal maintenance * * * for a total period of payment of nine years. After the last of the payments required above, the obligation for spousal maintenance shall terminate irrevocably. Thereafter neither of the parties shall be entitled to alimony then or in the future.

The trial court found that under our decision in *Karon* this language constituted a waiver of Dorothy's statutory right to move for modification of this spousal maintenance provision and divested the court of jurisdiction to hear such a motion as of the date of the judgment and decree. The court of appeals reversed. We uphold the court of appeals decision.

    First, it does not appear that this language amounts to a contractual waiver of the right to modify maintenance during the period that the maintenance provision was in effect. The language states that, "*After* the last of the payments required * * * the obligation for spousal maintenance shall termi-nate irrevocably. *Thereafter* neither of the parties shall be entitled to alimony *then or in the future.*" (Emphasis added.) By its own terms, this waiver could not take effect until completion of the maintenance obligation. Furthermore, such a waiver is unnecessary. Once maintenance payments end, the court is without jurisdiction to modify maintenance. *Eckert v. Eckert,* 299 Minn. 120, 216 N.W.2d 837 (1974). A waiver which will take effect only upon the termination of temporary maintenance merely restates existing law.[4]

Second, the Loos' alleged waiver does not contain express words divesting the trial court of jurisdiction to modify spousal maintenance. The stipulation that we approved in *Karon* contained words stating that the trial court was divested from having any jurisdiction to award temporary or permanent maintenance to either party, and by incorporating the stipulation into its judgment and decree, the court divested itself of jurisdiction. We have no indication in the Loos' stipulation indicating that the parties intended to divest the court of jurisdiction. If a statutory right is to be waived by the parties, the waiver must be voluntary and intentional. We agree with the court of appeals' statement in this case that courts should not assume that parties specifically bargained to supplant the statutory modification procedure without a clear or express statement divesting the court of jurisdiction.[5]

We are also concerned that there is little indication in the record that the trial court in this case took an active role in determining that the decree at issue was fair and equitable. As we stated in *Karon,* the trial court "stands in place and on behalf of the citizens of the state as a third party to dissolution actions * * * to protect the interests of both parties and all the citizens of the state to ensure that the stipulation is fair and reasonable to all." *Karon,* 435 N.W.2d at 503. We presume that these efforts stand behind any

---

4.  The court of appeals took a similar approach to this issue in *Keating v. Keating,* 444 N.W.2d 605, 606 (Minn.App.1989), *pet. for rev. denied* (Oct. 25, 1989).

5.  Although the court of appeals held in *Berens v. Berens,* 443 N.W.2d 558, 564 (Minn.App.1989),

*pet. for rev. denied* (Sept. 27, 1989) that either a contractual waiver or express language of divestiture could create a binding waiver, we conclude that the better approach is to require both a contractual waiver and express language divesting the court of jurisdiction.

trial court's approval of a stipulation that is incorporated into a judgment and decree of dissolution. *Id.*[6]

Because the spousal maintenance provision of the Loos' judgment and decree contains neither a contractual waiver of Dorothy's statutory right to move for modification of maintenance prior to its termination, nor express language divesting the court of jurisdiction to consider motions for modification of spousal maintenance, we hold that the court retained its statutory jurisdiction to consider a motion for modification of maintenance made prior to the termination of the maintenance award. We therefore remand this case to the district court for an eviden-

tiary hearing on whether Dorothy is entitled to a modification of the spousal maintenance award in the Loos' judgment and decree of dissolution.

Affirmed.

ANDERSON, J., took no part in the consideration or decision of this case.

---

6. We note that since our decision in *Karon*, the legislature has created further protections for parties limiting or precluding modification of maintenance through a stipulation. For such waivers to be valid, the court must "make specific findings that the stipulation is fair and equitable, is supported by consideration described in the findings, and that full disclosure of each party's financial circumstances has occurred." Minn.Stat. § 518.552, subd. 5 (1989). Dissolution is a statutory action, *DeLa Rosa v. DeLa Rosa*, 309 N.W.2d 755, 757 (Minn.1981). For stipulations adopted since the passage of the statutory requirements, the statute prescribes the appropriate limitations.