535 N.W.2d 819 (1995)
In re the Marriage of Michael W. DONCARLOS, Appellant,
v.
Diana Jo DONCARLOS, Respondent.
No. C0-94-1935.
Court of Appeals of Minnesota.
August 15, 1995.
Review Denied October 18, 1995.
Timothy J. Shields, Hopkins, for appellant.
Rebecca H. Frederick, Edina, for respondent.
Considered and decided by DAVIES, P.J., and SHORT and AMUNDSON, JJ.

OPINION
AMUNDSON, Judge.
Michael DonCarlos appeals from a district court order denying his motion to dismiss for lack of jurisdiction. He contends that the district court lacked jurisdiction to issue the order, and that the district court abused its discretion and violated his due process rights by failing to conduct an evidentiary hearing. We affirm.

*820 FACTS
In June 1989 the parties executed a marital termination agreement. The agreement specified the amount and duration of spousal maintenance and also stated that after the termination of maintenance payments, "each party thereafter waives all right to any further maintenance." This agreement was incorporated into the Judgment and Decree.
In February 1994, respondent brought a motion for an extension of spousal maintenance. The basis for her motion was myofacial pain syndrome in her right arm, also known as "overuse syndrome." As a result of her condition, respondent was involuntarily terminated from her position as a legal secretary. Her treating physician has determined that this is a permanent condition, and that respondent will be unable to return to employment in her field.
Appellant brought a motion to dismiss for lack of subject matter jurisdiction. The motion was denied and an evidentiary hearing on respondent's motion was scheduled. The hearing was subsequently continued three different times.
After being terminated from her temporary employment, respondent brought a motion to continue spousal maintenance pending the evidentiary hearing and final determination thereon. The district court granted the motion. The order stated that if the court determined that respondent was not entitled to a continuation of spousal maintenance, any amounts paid by appellant would have to be repaid by respondent. This appeal followed.

ISSUES
1. Did the district court err in determining it had jurisdiction to order a temporary continuation of spousal maintenance?
2. Did the district court abuse its discretion in awarding a temporary continuation of spousal maintenance pending an evidentiary hearing by not making findings of fact or first conducting an evidentiary hearing?
3. Did the district court violate appellant's due process rights and its own order by not conducting an evidentiary hearing?

ANALYSIS
The district court's order denying appellant's motion to dismiss for lack of jurisdiction is appealable as of right. See In re State & Regents Bldg. Asbestos Cases, 435 N.W.2d 521, 522 (Minn.1989). We review the non-jurisdictional issues in this case in the interests of justice and judicial economy. See Minn.R.Civ.P. 103.04 (appellate court may review any other matters as the interest of justice may require); Soucek v. Banham, 503 N.W.2d 153, 163 (Minn.App.1993) (reviewing issues in addition to immunity).

I. Jurisdiction

Appellant contends that the marital termination agreement contained a waiver of respondent's right to seek a modification of spousal maintenance. That provision was incorporated into the Judgment and Decree and states that "neither party thereafter shall be awarded any further maintenance."
District courts have continuing jurisdiction over dissolution proceedings "unless an enforceable waiver of the statutory right to seek modification of maintenance exists." Loo v. Loo, 520 N.W.2d 740, 743 (Minn.1994). The waiver of such a right must contain "express words divesting the district court of jurisdiction to modify spousal maintenance." See id. at 745.
In Loo, there was a marital termination agreement that set out the amount and duration of spousal maintenance, and concluded with a provision that "[t]hereafter neither of the parties shall be entitled to alimony then or in the future." 520 N.W.2d at 745. The supreme court determined that this language did not constitute a waiver of the right to seek a modification of maintenance while the maintenance period was still in effect. Id. Rather, the supreme court found that the waiver could not take effect until the maintenance obligation had terminated. Id.
Further, the court determined that the agreement did not expressly divest the court of jurisdiction. Id. Absent a clear statement that divests the court of jurisdiction, courts should not assume that was what the parties bargained for. Id.
In this case, the marital termination agreement between the parties did not specifically waive respondent's right to seek a modification or specifically divest the district court of *821 jurisdiction to modify the original award. Rather, the agreement contained language nearly identical to the language in Loo. It stated that upon termination of the maintenance period, neither party can modify the original award. Respondent, however, brought her motion for modification before the maintenance period from the original award had expired.
Accordingly, we hold the district court did not err in determining that it had jurisdiction over respondent's motion for modification of spousal maintenance.

II. Findings and Evidentiary Hearing

Appellant contends that the district court abused its discretion in awarding a continuation of spousal maintenance pending the evidentiary hearing because it failed to make findings of fact or conduct an evidentiary hearing beforehand.
Child support or spousal maintenance can be modified if a party can show that a substantial increase or decrease in earnings of a party makes the terms of the original decree unreasonable and unfair. Minn.Stat. § 518.64, subd. 2(a) (1992). In modifying an award, the court must consider the factors for an award of maintenance that exist at the time of the motion. Id., subd. 2(b).
The district court must also issue "sufficiently detailed findings of fact to demonstrate its consideration of all relevant factors." Stich v. Stich, 435 N.W.2d 52, 53 (Minn.1989). Failure to make specific findings compels a remand. Stevens v. Stevens, 501 N.W.2d 634, 637 (Minn.App.1993).
Appellant is correct in stating that the district court failed to make findings of fact in its order and failed to conduct an evidentiary hearing prior to issuing its order. However, the order at issue is a temporary order, not an order for modification.
"In a proceeding brought for * * * maintenance * * * following the dissolution of a marriage" a district court can grant a temporary order of spousal maintenance "pending the final disposition of the proceeding." Minn.Stat. § 518.131, subd. 1(b) (1992). Such orders generally may be made only on the basis of affidavits and the argument of counsel. Id. subd. 8. The court is to "be guided by the factors set forth in sections * * * 518.552 (concerning maintenance)." Id., subd. 7.
The district court granted respondent's motion for a temporary continuation of maintenance based on her physical disability and on her recent loss of employment. The court stated in the order that any monies paid by appellant must be repaid if respondent is unsuccessful in the final disposition. Because this was a temporary order, the court was not required to conduct an evidentiary hearing or issue detailed findings. The court was to be guided by the factors in section 518.552. The transcript and the court's memorandum indicate that the district court considered respondent's condition and the income of the parties in granting the motion.
Accordingly, we hold the district court did not abuse its discretion by granting respondent's motion for a temporary continuation of spousal maintenance without issuing specific findings or conducting an evidentiary hearing beforehand.

III. Due Process

Appellant contends that the district court violated his right to due process and its own order by not conducting an evidentiary hearing prior to granting the temporary order.
A temporary order generally is to be made on the basis of affidavits and the argument of counsel only. Minn.Stat. § 518.131, subd. 8 (1992). An evidentiary hearing is not required.
In this case, the motion was properly brought before the court and both parties were given an opportunity to be heard through counsel. A temporary order was issued, pending the final disposition at the evidentiary hearing. This order included protection for appellant. If respondent is unsuccessful in the final disposition of this matter, she must repay all monies paid her by appellant. This indicates that the district court intended to proceed with the evidentiary hearing as previously ordered.
Accordingly, we hold the district court did not violate appellant's rights to due process or its previous order by not holding an evidentiary hearing.

*822 DECISION
The district court did not err in determining that it had jurisdiction to order a temporary continuation of spousal maintenance pending an evidentiary hearing. The district court did not abuse its discretion by awarding a temporary continuation of spousal maintenance without making findings of fact or conducting an evidentiary hearing. Failure to conduct an evidentiary hearing did not violate appellant's due process rights or the court's previous order.
Affirmed.