Linda LONGRIE, individually and o/b/o/ Taylor Longrie, Respondent,

v.

Rick LUTHEN, Defendant,

Peggy Luthen, Appellant,

and

Peggy Luthen, Appellant,

v.

Linda G. Longrie, Respondent,

Itasca County, Respondent.

Nos. CX 02–1875, CX 02–1889.

Court of Appeals of Minnesota.

June 3, 2003.

Ellen E. Tholen, Ellen E. Tholen Law Office, Grand Rapids, MN, (for respondent Linda Longrie).

Marshall H. Tanick, Teresa J. Ayling, Mansfield, Tanick & Cohen, P.A., Minneapolis, MN, (for appellant Peggy Luthen).

Dyan J. Ebert, Quinlivan & Hughes, P.A., St. Cloud, MN, (for respondent Itasca County).

Considered and decided by WRIGHT, Presiding Judge, RANDALL, Judge, and SHUMAKER, Judge.

## OPINION

SHUMAKER, Judge.

Appellant challenges the district court's denial of her motion to dismiss respondent's fraudulent-conveyance claim and the district court's grant of summary judgment to respondent on appellant's wrongful-levy claim. Because the district court erred when it denied appellant's motion to dismiss respondent's fraudulent-conveyance claim, we reverse. We also reverse and remand the district court's grant of summary judgment on the wrongful-levy claim because genuine issues of material fact exist.

## FACTS

Before us are two consolidated appeals involving Rick and Peggy Luthen, formerly husband and wife; two private corporations, known generically as L & M Supply, owned by Rick Luthen's family and in one of which Rick Luthen is listed as a shareholder; Linda Longrie, the mother of a child fathered by Rick Luthen while he was still married to Peggy Luthen; and Itasca County (the county), the provider of public funds for the support of Longrie's and Rick Luthen's child. The principal focus of the appeals is Longrie's and the county's efforts to obtain dividends from L & M stock to apply to child support. Rick and Peggy Luthen contend that all L & M stock that Rick Luthen owned was awarded to Peggy Luthen. Longrie and the county contend that Rick Luthen still owns both the stock and the dividends paid on that stock.

When Rick and Peggy Luthen signed the martial-termination agreement in their marriage dissolution, Rick Luthen owned stock in L & M Supply, Incorporated and L & M Supply Virginia, Inc. By their agreement, which the district court eventually approved and incorporated into its judgment of dissolution, Peggy Luthen was awarded "L & M Supply stock certificates, titled in Wife's name." The Luthens interpreted this provision to mean that Rick Luthen was to transfer all of his L & M stock to Peggy Luthen so that the shares could be titled in her name.

Rick Luthen assigned all his L & M stock to Peggy Luthen. L & M Supply Virginia, Inc. recorded on its corporate books Peggy Luthen as owner of the stock formerly held by Rick Luthen. The L & M Supply Incorporated stock contained a restriction that required the signature of Rick Luthen's father to effect a transfer and, because the father had not executed the assignment, the company continued to show on its records Rick Luthen as owner. Both companies paid dividends to record shareholders. Rick Luthen acknowledges receipt of dividends from L & M Supply, Incorporated, but contends that he paid them to Peggy Luthen.

At some point, Longrie obtained a child support award against Rick Luthen. In 2002, his support obligation fell into arrears, and the district court awarded judgment to Longrie for the arrearages. Longrie and the county levied on the L & M Supply Incorporated stock, contending that, despite Rick Luthen's assignment of that stock to Peggy Luthen, he remains the true owner of the stock and the dividends. Longrie also started a lawsuit against the Luthens on the theory that Rick Luthen's transfer of L & M stock to Peggy Luthen was a fraudulent conveyance, made to avoid Rick Luthen's child support obligation. Contending that she is the sole owner of the stock and dividends on which Longrie and the county levied,

Peggy Luthen sued both parties on a theory of wrongful levy.

The parties brought various motions. The district court denied the Luthens' motion to dismiss Longrie's fraudulent-conveyance claim, and denied Longrie's motions for punitive damages, attorney fees, and rule 11 sanctions. The court granted the summary judgment motion of Longrie and the county and dismissed the wrongful-levy action, ruling that, because Rick Luthen's name remained on the corporate books as owner of the L & M Supply, Incorporated stock, the levy was not wrongful.

Peggy Luthen appeals from the grant of summary judgment in her wrongful-levy action and was granted discretionary review of the district court's denial of her motion to dismiss the fraudulent-conveyance claim. Longrie requests review of the court's denial of her motions for attorney fees, punitive damages, and rule 11 sanctions.

## ISSUES

1. Is a third-party child support obligee collaterally estopped from challenging, as a fraudulent conveyance, a judicially approved property transfer from the child support obligor to his spouse in their marriage dissolution when the obligee's claim through a different procedural vehicle had previously been determined against the obligee in a final judgment?

2. Where there is a genuine dispute as to whether corporate stock is owned by a judgment debtor or by his transferee, is summary judgment inappropriate?

## ANALYSIS

1. Fraudulent–Conveyance Claim

■ The district court denied Peggy Luthen's motion to dismiss the fraudulent-conveyance claim because the court found

that Longrie was a judgment creditor of Rick Luthen and had standing under Minn.Stat. § 513.44 (2002) to show that the purpose of the L & M stock transfer in the Luthens' marriage dissolution was to put a child support obligor's assets out of the reach of the obligee. Standing to sue and the interpretation of a statute are legal issues, and we are not bound by, nor need we defer to, the district court's rulings. *Frost–Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984); *Joel v. Wellman*, 551 N.W.2d 729, 730 (Minn.App.1996), *review denied* (Minn. Oct. 29, 1996).

This is the second time, albeit through a different procedural vehicle, that Longrie and the county have attempted to challenge the L & M stock transfer as fraudulent. After the district court allowed Longrie and the county to intervene in the Luthens' marriage-dissolution proceeding, Peggy Luthen appealed. We reversed the order permitting intervention and held:

> There is no legal authority to support the contention that a child born out of wedlock is entitled to a portion of the father's marital property for the purposes of child support.

*Luthen v. Luthen*, 596 N.W.2d 278, 281 (Minn.App.1999).

Longrie contends in her separate lawsuit under Minn.Stat. § 513.44, the Fraudulent Transfer Act, that she is a child support creditor of a debtor who transferred some of his assets to hinder, delay, or defraud her in her efforts to obtain satisfaction of the debtor's child support obligation. Under the act,

> [a] transfer made * * * by a debtor is fraudulent as to a creditor * * * if the debtor made the transfer * * * with actual intent to hinder, delay, or defraud [the] creditor.

Minn.Stat. § 513.44(a)-(a)(1).

Whether a creditor of a party to a marriage dissolution has standing to challenge

a judicially approved award of property in that dissolution as being a fraudulent conveyance is a question of first impression in Minnesota, but is one that we need not reach.

In *Luthen,* we held not only that Longrie could not intervene in the dissolution but also that she could not reach Rick Luthen's marital property to satisfy a child support obligation. *Luthen,* 596 N.W.2d at 281. In both *Luthen* and this action, the parties were identical; the claim, namely entitlement to reach Rick Luthen's stock and dividends, was the same; the matter culminated in a final judgment; and Longrie did not petition for further review. Thus, Longrie is collaterally estopped from relitigating the issue of the alleged fraudulent transfer of the stock and dividends. *See Loo v. Loo,* 520 N.W.2d 740, 743–44 and n.1 (Minn.1994) (addressing res judicata, collateral estoppel, and law of the case in marriage dissolution proceedings).

Because Longrie is collaterally estopped from challenging the stock transfer in this action, the district court erred in failing to dismiss Longrie's claim.

■ Longrie also contends that she is entitled to assert a claim for punitive damages and to an award of attorney fees, and that rule 11 sanctions are appropriate. These were adjunct claims to Longrie's fraudulent-conveyance action. Because Longrie could not properly bring that action, these subordinate claims cannot stand. Thus, the district court did not err in dismissing these claims.

2. *Wrongful Levy*

■ Peggy Luthen argues that the district court erred in granting summary judgment dismissing her wrongful-levy claim. In an appeal from a summary judgment, we inquire as to whether there exists any genuine issue of material fact for trial and whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990).

Peggy Luthen claims that, by judicial decree, the L & M stock was awarded to her and that Rick Luthen assigned the stock to her. The district court held that because the stock remains in Rick Luthen's name, a levy under a judgment against him could not have been wrongful.

There are genuine issues of material fact regarding the L & M stock that prevent summary judgment on the wrongful-levy claim. For example, there is a question as to what stock was awarded. Rick Luthen owned shares in two corporations, neither of which is properly named in the dissolution judgment. Rather, there is reference only to "L & M Supply." Furthermore, the property to be transferred was "L & M Supply stock certificates, titled in Wife's name." Were there L & M stocks titled in Peggy Luthen's name prior to the dissolution and, if so, are those the only stocks she was to receive? The vague and curious language of the award creates a fact issue.

Even after the stocks to be transferred are clearly identified, there remains a fact issue as to whether or not, despite the award, a transfer was ever truly made. There is evidence of Rick Luthen being listed in the records of one corporation as the owner of stock, and there is evidence that he received dividends. He claims that he paid those dividends to Peggy Luthen, but that claim raises credibility issues. If Rick Luthen never actually transferred the stock or paid the dividends to Peggy Luthen, the stock and dividends remain his assets and are reachable by creditors to the extent the law allows. Because genuine issues of material fact exist, we conclude that the district court erred in grant-

ing summary judgment on the wrongful-levy claim.

Finally, because Longrie did not file a notice of review of her motion for rule 11 sanctions respecting the wrong-levy claim, she waived review of this issue. *See* Minn. R. Civ.App. P. 106; *Northern State Bank v. Efteland,* 409 N.W.2d 541, 544 (Minn. App.1987).

## DECISION

The district court erred when it denied appellant's motion to dismiss Longrie's fraudulent-conveyance claim because Longrie is collatterly estopped from relitigating the issue of the alleged fraudulent transfer of stock and dividends. The district court also erred when it granted Longrie's motion for summary judgment on the wrongful-levy claim because genuine issues of material fact exist regarding L & M Supply stocks in dispute.

**Reversed and remanded.**