In re Carol R. EVANS, Petitioner, Respondent,

v.

Charles B. EVANS, III, Appellant.

No. A03–243.

Court of Appeals of Minnesota.

Dec. 16, 2003.

Mitchell J. Ask, Plymouth, MN, for respondent.

David C. Olson, Lanners & Olson, P.A., Plymouth, MN, for appellant.

Considered and decided by WRIGHT, Presiding Judge, SHUMAKER, Judge, and CRIPPEN, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.
1. In addition, consistent with *Karon v. Karon,* 435 N.W.2d 501 (Minn.1989), the stipulation

## OPINION

CRIPPEN, Judge.*

Appellant, a maintenance obligor, contends that the trial court erroneously upheld a divestiture-of-jurisdiction clause as the basis for denying his petition for relief from his obligation to pay permanent maintenance. Because state statutes do not preclude the court from divesting itself of jurisdiction when the parties have so stipulated and the requirements of Minn. Stat. § 518.552, subd. 5 (2002) are met, we affirm. We also conclude that appellant did not state other grounds for relief under either Minn.Stat. § 518.145, subd. 2 (2002) or the doctrine of inherent judicial powers.

## FACTS

Appellant Charles B. Evans, III, seeks review of the trial court's denial of post-petition relief concerning his obligation to pay maintenance to his former wife, respondent Carol Evans. In October 2001, the parties were divorced in a judgment adopting a stipulation requiring appellant, then 59, to pay permanent maintenance to respondent in a sum, which, after three years, would remain at a constant amount of $1,200 per month. The stipulated judgment also expressly provided that "[t]he Court is divested of jurisdiction to modify the spousal maintenance [award]."[1] The judgment further contained a finding that the marital termination agreement was fair and equitable and supported by consideration, and that there had been full disclosure of the parties' financial circumstances.

Approximately one year later, appellant moved to modify the judgment, premised

contained a contractual waiver of the statutory right to seek modification. *See Loo v. Loo,* 520 N.W.2d 740, 745 n. 5 (Minn.1994).

on the tax consequences to him arising from the property settlement and his assertion that because of his health it would be difficult for him to continue his income from a part-time job.[2] The record contains no evidence that the tax liability was unforeseeable at the time of the judgment. The trial court denied the motion, determining that the parties had expressly waived modification and that the court was divested of jurisdiction to modify the maintenance award. This appeal followed.

## ISSUE

Did the trial court err in refusing post-judgment relief to override the parties' stipulation for divestiture of its jurisdiction over permanent maintenance?

## ANALYSIS

▮ Appellant first contends that under Minn.Stat. § 518.145, subd. 2(4) (2002), the clause in the judgment divesting the court of jurisdiction to modify maintenance is void as a matter of law. He rests his contention on Minn.Stat. § 518.552, subd. 3 (2002), which states a standard of openness for the modification of permanent maintenance following a divorce judgment. But we observe, initially, that this declaration is confined to circumstances in which the court has determined that the need for permanent maintenance is uncertain, which is not the circumstance here. And the usual continuing jurisdiction of the court, stated in Minn.Stat. § 518.64, subd. 1 (2002), can be altered by a stipulation of the parties that is approved by the judgment court. *See* Minn.Stat. § 518.552, subd. 2 (2002) (granting trial court power to determine permanent award on basis of statutory factors); *see also Karon v. Ka-*

*ron,* 435 N.W.2d 501, 503 (Minn.1989) (affirming divestiture of jurisdiction clause when determined by an approved stipulation of parties).[3]

Appellant cites *Toughill v. Toughill,* 609 N.W.2d 634 (Minn.App.2000) in support of his proposition that the judgment may be considered void. The court in *Toughill* did not determine that such a clause was void, but rather reversed a divestiture-of-jurisdiction clause as an abuse of discretion in the context of an appeal from the judgment. *Id.* at 641. Additionally, the decision in *Toughill* rests on facts not in evidence in this case, namely, the determination of a maintenance award when the financial circumstances of the parties were openly uncertain. *Id.* A determination of voidness would be especially inappropriate in the circumstances of this case. *See Karon,* 435 N.W.2d at 504 (noting that stipulations are "carefully drawn compromises which affect property distribution, real and personal, as well as future income"); *see also Beck v. Kaplan,* 566 N.W.2d 723, 726 (Minn.1997) (cautioning that trial court is "to exercise its considerable discretion carefully and only reluctantly when it is faced with a request to alter the terms of an agreement which was negotiated by the parties") (citations omitted).

We are mindful that the facts presented by this case do not make a strong case that the trial court abused its discretion in failing to modify the judgment. The record contains no evidence that appellant's income has materially changed since the stipulated judgment was entered, and on this record, the tax liability he incurred

---

2. Although appellant received an employment termination notice six days after the motion was filed, he acknowledges that he has since regained full-time employment.

3. Appellant does not contend and we do not conclude that *Karon* governs only a petition of an obligee for extension of maintenance benefits.

must be viewed as anticipated at the time the parties negotiated their agreement.

■ Appellant also urges this court to apply Minn.Stat. § 518.145, subd. 2(5), which allows relief from a divorce judgment if it is no longer equitable that it be enforced. But we find no authority permitting us to conclude that this section imposes a less stringent standard than that for modification, and appellant has not made a convincing case for modification. We note that the circumstances in this case do not parallel those in *Harding v. Harding*, 620 N.W.2d 920, 924 (Minn.App. 2001), *review denied* (Minn. Apr. 17, 2001), in which relief was granted to reflect a material change of circumstances substantially altering information on a topic previously addressed in the stipulated judgment. In this case, there is no evidence that the financial circumstances of the parties were not fully and fairly disclosed at the time of the stipulation.

Appellant further argues that this court should use its inherent authority to order a change in the judgment. Initially, we observe that his arguments on this point are not accompanied by citations to current authority and offer no convincing interpretation on the basis of statutory construction. Moreover, the supreme court has determined that the sole relief from a divorce judgment lies in meeting requirements of Minn.Stat. § 518.145, subd. 2, and that once stipulation merges into judgment, "finality becomes of central importance." *Shirk v. Shirk*, 561 N.W.2d 519, 522 (Minn.1997). And the circumstances of this case offer no showing of a gross injustice that would support appellant's position.

Finally, appellant challenges the stipulation as lacking in consideration under Minn.Stat. § 518.552, subd. 5 (2002). But the trial court made express findings that the stipulation was fair and equitable and supported by consideration, with full disclosure of each party's financial circumstances. Although appellant has posed this argument, he has made no attempt to evaluate the consideration that flowed in the stipulated agreement, which we observe to be generally ample in light of the considerable exchange of obligations between the parties.

## DECISION

We conclude that the trial court properly upheld the divestiture-of-jurisdiction clause in the stipulated judgment. Statutes permitting modification of maintenance awards are inapplicable when there is an approved stipulation divesting the trial court of jurisdiction, and the trial court made proper findings under Minn. Stat. § 518.552, subd. 5 (2002). Finally, the trial court did not abuse its discretion in failing to modify based on a prospective inequitable application when the financial circumstances of the parties had been accurately disclosed at the time of judgment, and we conclude that appellant's assertion of manifest injustice lacks legal factual support in this record.

**Affirmed.**