*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0114**

In re the Marriage of:
Beth Ostergaard Stillwell, petitioner,
Appellant,

vs.

Harry Alan Stillwell,
Respondent.

**Filed December 5, 2016
Affirmed
Kirk, Judge**

Hennepin County District Court
File No. 27-FA-12-8135

M. Sue Wilson, Julie H. Vogel, M. Sue Wilson Law Offices, P.A., Minneapolis, Minnesota (for appellant)

Harry Alan Stillwell, Minnetrista, Minnesota (pro se respondent)

Considered and decided by Peterson, Presiding Judge; Larkin, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

Appellant-mother challenges the district court's decision to impute income to respondent-father at 150% of the minimum wage under Minn. Stat. § 518A.32 (2014),

rather than treating the court's previous imputation of income to father in the dissolution proceeding, for the purpose of calculating spousal maintenance, as binding. We affirm.

## FACTS

Appellant-mother Beth Ostergaard Stillwell and respondent-father Harry Alan Stillwell were married in 2004, and their dissolution was finalized ten years later in 2014. The parties have two minor children. At the dissolution trial, father sought spousal maintenance from mother. The district court found that father "would have had sufficient property to provide for his reasonable needs . . . if he had chosen to commence employment during the last year and that it was unreasonable for him to fail to do so." Based on the evidence before it, the district court imputed income of $75,000 per year to father. It found that father was "not entitled to an award of spousal maintenance, either temporary or permanent," and it did not reserve jurisdiction over the issue of future spousal maintenance. The district court also granted mother's request to reserve the issue of child support, noting that "[e]ither party is free to bring a motion to establish or to modify child support based on the applicable statutory criteria."

When the district court denied father spousal maintenance, it imputed income to him using the method set forth in Minn. Stat. § 518.552, subd. 2 (2014), which requires the court to consider both father's "financial resources . . . including marital property, and [his] ability to meet [his] needs independently." After considering extensive evidence regarding father's employment potential, work history, occupational qualifications, and the current job market, the district court concluded that "[f]ather has sufficient earning

2

capacity to meet his needs through employment," independent of any property. The district court imputed $75,000 of annual income to father, and neither party appealed.

On April 7, 2015, mother filed a motion to establish child support, requesting that the district court impute income of $75,000 per year to father. Mother then filed an amended motion to establish child support requesting that income of $100,000 per year be imputed to father. Following a second hearing on the matter, the district court concluded that father was voluntarily underemployed, and that income had to be imputed to him under Minn. Stat. § 518A.32, subd. 2 (2014). None of the evidence mentioned above and considered by the district court in 2014 during the dissolution trial was presented to the court in 2015 in the child-support action, and no evidence was presented in 2015 that the information considered by the court in 2014 remained accurate or relevant.[1] Of the three methods for imputing income provided in Minn. Stat. § 518A.32, subd. 2, the district court concluded that the only option available was to impute father's income "as 150% of the minimum wage." The district court calculated father's child-support obligation accordingly. Mother appeals.

---

[1] Father's past education and work history had not changed from 2014 to 2015, but in order to impute potential income under Minn. Stat. § 518A.32, subd. 2(1) (2014), the district court must have current information regarding "employment potential, . . . and occupational qualifications in light of prevailing job opportunities and earnings levels in the community[.]"

## D E C I S I O N

### I. The district court did not abuse its discretion when it imputed income to father under Minn. Stat. § 518A.32, subd. 2 (2014).

The district court has broad discretion to provide for the support of the parties' children. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn. 1984). "A district court abuses its discretion when it makes findings unsupported by the evidence or when it improperly applies the law." *Hemmingsen v. Hemmingsen*, 767 N.W.2d 711, 716 (Minn. App. 2009), *review granted* (Minn. Sept. 29, 2009) *and appeal dismissed* (Minn. Feb. 1, 2010); *see Dobrin v. Dobrin*, 569 N.W.2d 199, 202 (Minn. 1997). "An abuse of discretion occurs when the district court resolves the matter in a manner that is against logic and the facts on the record." *O'Donnell v. O'Donnell*, 678 N.W.2d 471, 474 (Minn. App. 2014) (quotation omitted); *In re Adoption of T.A.M.*, 791 N.W.2d 573, 578 (Minn. App. 2010) (quotation omitted).

"[T]he child-support statutes impose an independent obligation on the court to determine the gross income of each parent." *Haefele v. Haefele*, 837 N.W.2d 703, 712 n.6 (Minn. 2013). The district court is "required to undertake its own assessment under the plain language of the applicable statutes[.]" *Id.* (addressing calculation of gross income under Minn. Stat. § 518A.30 (2012)); *see* Minn. Stat. § 518A.34(b)(1) (2014) ("To determine the obligor's basic support obligation, the court shall: (1) determine the gross income of each parent under section 518A.29[.]"); Minn. Stat. § 518A.29(a) (2014) ("[G]ross income includes . . . potential income under section 518A.32[.]"). "[W]hen the [district] court makes an award of support following a reservation of the matter, it must

4

base its determination on facts and circumstances existing at the time of the application for support, as if the entire action had been brought at the later date." *Aumock v. Aumock*, 410 N.W.2d 420, 422 (Minn. App. 1987). "A court's determination of income must be based in fact and will stand unless clearly erroneous." *Newstrand v. Arend*, 869 N.W.2d 681, 685 (Minn. App. 2015), *review denied* (Minn. Dec. 15, 2015) (quotation omitted).

Mother appeals the district court's decision to impute father's income at 150% of the minimum wage, arguing that the court should have relied on the 2014 analysis of father's earning capacity and imputed income of $75,000 per year to him before calculating child support.

Here, mother requested establishment of child support and the district court determined that father is voluntarily underemployed. Following this determination, the district court imputed income to father before calculating his child-support obligation. Minn. Stat. § 518A.32, subd. 1 (2014). Under Minn. Stat. § 518A.32, subd. 2, there are only three methods available for determining the potential income of a voluntarily underemployed parent for child-support purposes: "(1) the parent's probable earnings level based on employment potential, recent work history, and occupational qualifications in light of" the current market; (2) "the actual amount of . . . unemployment compensation or workers' compensation benefit received; or (3) the amount of income a parent could earn working full time at 150 percent of the current federal or state minimum wage, whichever is higher." In this case, only option one or option three was possible, and the district court imputed income to father under the method set forth in Minn. Stat. § 518A.32, subd. 2(3).

5

After the district court determined father's imputed income of 150% of the minimum wage, it calculated his child-support obligation according to Minn. Stat. § 518A.34 (2014) and issued an order under Minn. Stat. § 518A.38, subd. 1 (2014). The order was not a modification of an existing child-support obligation under Minn. Stat. § 518A.39 (2014), but an order establishing a child-support obligation where none existed. Because of this distinction, there was no need for the district court to analyze whether there had been a substantial change in circumstances since the dissolution. *See Eustathiades v. Bowman*, 695 N.W.2d 395, 398 (Minn. App. 2005) (stating "when child support is reserved in a judgment and decree, a subsequent request for child support is generally treated as an initial establishment of child support rather than a modification of child support"); *compare* Minn. Stat. § 518A.34 (describing procedure for establishing child-support obligations), *with* Minn. Stat. § 518A.39, subd. 2 (describing standards for modifying child-support obligations).

The district court expressly disregarded its 2014 determination of father's earning capacity and noted that, in setting a child-support obligation, it is required to "consider the facts and circumstances existing at the time of the application for support." It properly concluded that the previous imputation of income was therefore irrelevant and that there was no evidentiary basis for the court to rely on its 2014 findings from the dissolution proceeding.

Mother asserts that the district court also improperly concluded that earning capacity is calculated differently when establishing spousal maintenance than when establishing child support. Mother relies on the dissent in *Fulmer v. Fulmer*, 594 N.W.2d

210 (Minn. App. 1999), to support her assertion that the method for imputing income is the same in both circumstances. Mother argues that this is especially true here because there had "been no change in circumstances since the time of trial, and [father] could not claim that there was a change."[2]

But the *Fulmer* decision addresses modification of a spousal-maintenance award, not establishment of a child-support obligation. Furthermore, the portion of the dissent that mother relies on addresses the definition of imputed income for child-support purposes, and concludes that "[n]either case law nor logic compels" another definition for imputed income for spousal-maintenance purposes. 594 N.W.2d at 215 (Klaphake, J., dissenting). This does not compel the conclusion that the district court was bound by its imputation of income during the dissolution trial. Currently, the statutory structure for establishing and modifying child support is in chapter 518A. That chapter was enacted in 2005, *see* 2005 Minn. Laws ch. 164, six years after this court filed the *Fulmer* decision. Minnesota law now directly instructs a district court to select one of three available methods for imputing income for child-support purposes, and to apply one of those methods to the facts and circumstances at the time of the motion. Minn. Stat. § 518A.32, subd. 2; *Aumock*, 410 N.W.2d at 422. For these reasons, we conclude that the district

---

[2] Mother incorrectly applies the standard for modification of child support and misstates the burden that it imposes to her establishment motion. Minn. Stat. § 518A.39, subd. 2 (requiring the moving party to show a substantial change in circumstances to justify modification of a support obligation). If mother had been seeking modification of a child-support obligation, she, not father, would have been required to show a substantial change in circumstances.

court did not abuse its discretion in calculating father's potential income in the child-support action.

## II. The district court did not err in determining father's income in the child-support action.

"We review de novo whether res judicata precludes an issue from being relitigated." *Maschoff v. Leiding*, 696 N.W.2d 834, 838 (Minn. App. 2005). But "support rulings are not the traditional final judgments that res judicata and collateral estoppel were intended to protect." *Id.* (quotation omitted). "Further, the availability and application of res judicata and collateral estoppel in family matters is limited, but 'the underlying principle that an adjudication on the merits of an issue is conclusive, and should not be relitigated, clearly applies.'" *Id.* (quoting *Loo v. Loo*, 520 N.W.2d 740, 744 (Minn. 1994)).

Mother argues that the doctrine of res judicata precludes the parties from relitigating father's earning capacity and that the district court's dissolution findings are therefore binding on its child-support determinations. Mother relies on *Loo* to support her argument and claims that since the district court's determination of father's earning capacity was "on the merits during the parties' [dissolution] trial," and since "nothing had changed from the time of trial," the court was precluded from finding anything other than that father's earning capacity is $75,000 per year in the child-support proceeding. 520 N.W.2d at 743-44.

Mother's reliance on the *Loo* decision is misplaced. The relevant issue addressed in *Loo* was whether two motions filed by the wife (one requesting payment of health-

insurance premiums, and one requesting that spousal maintenance be increased and extended) "presented the same legal issue," thereby precluding the second motion. *Id.* at 744. The *Loo* court determined that res judicata did not apply because the two motions presented different legal issues. *Id.* Accordingly, a judgment on the merits on a motion regarding payment of health-insurance premiums did not preclude a future motion for spousal maintenance.

Mother asks this court to conclude here that the district court's 2014 finding of father's earning capacity in the dissolution proceeding is conclusive and binding for purposes of calculating child support in the 2015 child-support proceeding. But, as was the case in the *Loo* decision, mother's post-dissolution motion to establish child support presented a different legal issue than father's request for spousal-maintenance payments in the dissolution action, and was unrelated to the issues addressed by the district court in the dissolution proceeding. Furthermore, because a parent cannot waive a child's right to financial support, mother at all times maintained the ability to establish a child-support obligation based on current circumstances despite any finding in the dissolution order. *Aumock*, 410 N.W.2d at 421 ("Any agreement between the parents waiving child support cannot be binding on the trial court, which must be guided primarily by a concern for the best interests of the children."). In response to mother's motion, the district court was required to review the parties' circumstances at the time the motion to establish child support was made in order to determine the appropriate child-support award, not to rely on evidence presented on another issue a year ago. *Id.* at 422. The doctrine of res judicata does not apply here.

Here, the district court was required by statute to impute father's income at 150% of the minimum wage and was required to conduct an independent analysis of the parties' circumstances at the time of mother's motion to establish child support. There was also no evidence presented in the child-support proceeding to support a finding that father's earning capacity was $75,000, or that the evidence presented to the court in the dissolution trial remained relevant. The district court did not abuse its discretion when it complied with this statutory requirement and calculated father's child-support obligation accordingly.

**Affirmed.**