In re the Marriage of Marcia
R. BRAATZ, Petitioner,
Respondent,

v.

Gary A. BRAATZ, Appellant.

No. C1–92–353.

Court of Appeals of Minnesota.

Sept. 1, 1992.

Review Denied Oct. 28, 1992.

Richard V. Clough, Gregory V. Smith &
Associates, Monticello, for respondent.

Lisa A. Skoog, Rosenthal, Rondoni &
MacMillan, Ltd., Minneapolis, for appellant.

Considered and decided by PETERSON,
P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

Gary A. Braatz appeals the imposition of a cost-of-living adjustment increasing his child support payments to respondent Marcia R. Braatz. We affirm.

## FACTS

The parties' marriage was dissolved in September 1987. Child support was stipulated at $720 per month for their two children. The decree also provided for biennial adjustment of child support under Minn. Stat. § 518.641.

Until 1991, respondent did not apply for a cost-of-living adjustment and appellant's child support obligation remained the same. On August 20, 1991, respondent personally served a notice of motion and motion for a cost-of-living adjustment on appellant. The notice indicated that respondent sought an adjustment increasing support to $841.95 per month effective February 1, 1991.

Appellant moved to dismiss on the grounds that the notice of the adjustment was untimely and did not meet statutory requirements. Appellant also argued that a cost-of-living adjustment was not warranted because he had received only merit increases since 1987 that had not kept up with inflation. Appellant stated his present net income was $2,702 per month and his expenses totalled $3,514, including child support. Respondent indicated her net monthly income was approximately $975, and her expenses totalled $1,918 per month for herself and the children.

After a hearing, the district court granted an adjustment increasing appellant's support obligation to $841.68 per month based on a 17.6% rise in the consumer price index for Minneapolis/St. Paul since the 1987 decree. The court denied respondent's motion to make the adjustment retroactive, but did not specify the date the increase went into effect. Subsequently, an amended judgment and decree was entered, indicating that the adjusted support obligation commenced February 1, 1992.

## ISSUES

1. Did the district court err in denying appellant's motion to dismiss on the grounds that respondent's notice of a cost-of-living adjustment was untimely and did not comply with statutory requirements?

2. Did the district court abuse its discretion in ordering a 17.6% cost-of-living increase in appellant's child support payments?

## ANALYSIS

### I.

■ In deciding appellant's motion to dismiss, the district court apparently applied the 1991 amendments to Minn.Stat. § 518.641. Under the prior statute, the cost-of-living adjustment became effective on the first of May of the year in which it was made. Minn.Stat. § 518.641, subd. 1 (1990). Further, no adjustment could be made unless the obligee served notice of the application for adjustment on the obligor at least 20 days before the effective date of the adjustment. *Id.* at subd. 2(a). Under this prior version of the statute, a cost-of-living adjustment in this case could not have become effective prior to May 1, 1992, because respondent did not serve her application at least 20 days prior to May 1, 1991.

In 1991, however, the legislature amended the statute to provide that for cases in which payment is not made to the public authority, application for an adjustment may be made in any month, but no sooner than two years after the date of the dissolution decree. Minn.Stat. § 518.641, subd. 1 (Supp.1991) (enacted 1991 Minn.Laws ch. 266, § 8). Under this amended statute, a cost-of-living adjustment can become effective in any month, as long as the 20–day notice requirement is met. *See* Minn.Stat. § 518.641, subd. 2 (Supp.1991) (enacted 1991 Minn.Laws ch. 266 § 9).

Appellant maintains that application of the 1991 version of Minn.Stat. § 518.641 in this case resulted in an impermissible retroactive effect. *See* Minn.Stat. § 645.21 (1990) ("No law shall be construed to be retroactive unless clearly and manifestly so

intended by the legislature"). We disagree.

We have recognized the general principle that

a court is to apply the law in effect at the time it renders its decision, unless doing so would alter rights that had matured or become unconditional, would impose new and unanticipated obligations on a party, or would work some other injustice due to the nature and identity of the parties.

*McClelland v. McClelland,* 393 N.W.2d 224, 226–27 (Minn.App.1986) (citations omitted), *pet. for rev. denied* (Minn. Nov. 17, 1986). The amendments to Minn.Stat. § 518.641 were in effect when respondent served notice of the adjustment in August 1991 and at the time of the trial court's January 16, 1992 order granting the adjustment. *See* Minn.Stat. § 645.02 (1990) ("Each act, except one making appropriations, enacted finally at any session of the legislature takes effect on August 1 next following its final enactment, unless a different date is specified in the act").

Appellant nevertheless contends that application of the amended statute violates his reasonable expectation that he would not be subject to a cost-of-living adjustment from May 1991 to May 1992, based on respondent's failure to serve notice before May 1, 1991 as required by the prior statute. However, appellant's expectation that his support obligation would not be adjusted did not constitute a vested right. *See McClelland,* 393 N.W.2d at 227 (there is no vested right in an existing law until a final judgment has been entered based on that existing law). We conclude the district court did not err by applying the amended version of the statute to this case.

We also affirm the district court's denial of appellant's motion to dismiss on the ground that respondent's notice did not comply with statutory requirements. Although Minn.Stat. § 518.641, subd. 2(a) (Supp.1991) refers to service of the notice by mail, the statute does not preclude personal service. Appellant concedes he was served personally with respondent's notice of motion and motion for a cost-of-living

adjustment. We conclude the service requirement of the statute was satisfied.

The statute also provides that the notice of application be served at least 20 days before the effective date of the adjustment and that the notice inform the obligor of the date on which the adjustment will become effective. Minn.Stat. § 518.64, subd. 2(a), (b) (Supp.1991). In this case, respondent's notice improperly indicated an effective date of the adjustment prior to service of the application. However, the district court denied respondent's request for a retroactive adjustment and the adjustment did not go into effect until February 1, 1992. Appellant was not prejudiced by the improper effective date stated in respondent's notice, and the district court properly denied the motion to dismiss on this ground.

## II.

The district court's discretion in this case is limited to determining whether all or part of the cost-of-living adjustment should not take effect. *See McClenahan v. Warner,* 461 N.W.2d 509, 511 (Minn.App. 1990). The obligor has the burden of showing why a cost-of-living adjustment should be reduced. *Blomgren v. Blomgren,* 386 N.W.2d 378, 382 (Minn.App.1986).

The district court may direct that all or part of a cost-of-living adjustment not take effect if "the obligor establishes an insufficient cost of living or other increase in income that prevents fulfillment of the adjusted * * * obligation." Minn.Stat. § 518.641, subd. 3 (1990). In this case, appellant argues the district court abused its discretion in ordering a 17.6% increase when he does not receive a cost-of-living adjustment in his salary and his income has increased with merit raises only 14.33% since 1987.

However, because these merit raises constitute "other increase in income," appellant's support obligation may be increased, even though his income is not subject to cost-of-living increases. *See Krogstad v. Krogstad,* 388 N.W.2d 376, 383 (Minn.App. 1986) (although obligor did not receive cost-of-living salary increases, he received regu-

lar pay increases sufficient to subject his support obligation to a cost-of-living adjustment). We cannot find that the district court abused its discretion in determining that appellant's merit raises were sufficient to fulfill an adjustment to his support obligation.

 Moreover, the lack of findings by the district court on appellant's ability to pay the adjusted support and on whether the children's needs have increased does not require reversal. *See LeTendre v. LeTendre*, 388 N.W.2d 412, 416 (Minn.App. 1986) (trial court not required to issue findings where it declines to exercise its discretion to grant a waiver of the cost-of-living adjustment). We defer to the district court's assessment of credibility regarding the parties' claimed expenses. *See General v. General*, 409 N.W.2d 511, 513 (Minn. App.1987).

Appellant also argues that the adjusted support obligation is an abuse of discretion because it requires him to pay more support than he would have to pay under the child support guidelines based on his current income. We recently rejected a similar argument. *See McClenahan*, 461 N.W.2d at 51 (cost-of-living adjustments under Minn.Stat. § 518.641 are not controlled by the child support guidelines of Minn.Stat. § 518.551).

Finally, appellant contends that any adjustment should have been based on the increase in the cost-of-living for the past two years, rather than since the September 1987 decree, because respondent waived her right to obtain earlier increases. However, the statute provides that cost-of-living increases "shall be compounded." Minn. Stat. § 518.641, subd. 1 (Supp.1991). The statute does not preclude the district court from adjusting a support obligation based on the cost-of-living increase over a period greater than two years where no prior cost-of-living adjustment has been made. Allowing the district court such authority is consistent with the statutory purpose to meet the child's needs as they rise with inflation. *See McClenahan*, 461 N.W.2d at 511.

## DECISION

The district court properly applied the 1991 amendments to Minn.Stat. § 518.641, and did not err in denying appellant's motion to dismiss the application for a cost-of-living adjustment. The district court did not abuse its discretion in ordering a 17.6% cost-of-living increase in appellant's child support obligation.

Affirmed.