**In re the Marriage of: Holly Virginia ANDERSON, petitioner, Appellant,**

v.

**Derrik T. ANDERSON, Respondent.**

**A16-2006**

Court of Appeals of Minnesota.

Filed May 30, 2017

---

Mark A. Olson, Olson Law Office, Burnsville, Minnesota (for appellant).

Kay Nord Hunt, Lommen Abdo, P.A., Minneapolis, Minnesota (for respondent).

Considered and decided by Smith, Tracy M., Presiding Judge; Cleary, Chief Judge; and Reilly, Judge.

1. Section 518.641 (2010) was a prior version of the current COLA statute, Minn. Stat.

## OPINION

REILLY, Judge

On appeal from the district court's refusal to award a retroactive cost-of-living adjustment (COLA) to her spousal-maintenance award, appellant-wife argues that (1) she is entitled to a retroactive COLA under the law-of-the-case doctrine, and (2) the district court abused its discretion by declining to award a COLA retroactive to a date before she provided the statutorily required notice of that COLA. Because the law-of-the-case doctrine does not apply to the circumstances of this case, and because a retroactive COLA is not authorized by statute, the district court did not abuse its discretion by denying wife a retroactive COLA. Therefore, we affirm.

## FACTS

The relevant parts of the May 25, 2011 partially stipulated judgment dissolving the marriage of appellant-wife Holly Anderson and respondent-husband Derrik Anderson found husband's average gross monthly income to be $3,980, awarded wife permanent spousal maintenance of $1,000 per month starting February 1, 2010, and incorporated by reference an appendix that was attached to the judgment. The attached appendix provided for, among other things, a biennial COLA to wife's maintenance award pursuant to then-existing Minnesota Statutes section 518.641 (2010).[1] Income- and maintenance-related aspects of the judgment were appealed to, and remanded by, this court twice. *See Anderson v. Anderson*, No. A11-1224, 2012 WL 3023433 (Minn. App. July 23, 2012) (*Anderson I*), *review denied* (Minn. Oct. 16, 2012); *see also Anderson v. Anderson*, No. A14-0926, 2015 WL 2341239 (Minn.

§ 518A.75 (2016).

App. May 18, 2015) (*Anderson II*), *review denied* (Aug. 11, 2015).

On remand the second time, the district court set wife's permanent spousal maintenance award at $800 per month, and made this award effective February 1, 2010. Both parties sought post-hearing relief. Husband sought to reduce the maintenance award, while wife, in relevant part, sought a conclusion of law stating she could "pursue COLA increases retroactive to the effective date of the spousal maintenance award." The district court denied husband's motion. Regarding wife's motion, the district court ruled that "[wife] may seek cost of living adjustments for her spousal maintenance award" but did not specifically address wife's request for a retroactive COLA.

Three weeks later, wife moved to modify her maintenance award, alleging changed circumstances. *See* Minn. Stat. § 518A.39 (2016) (addressing maintenance modifications). The district court increased her maintenance award to $900 per month, effective February 1, 2016. On June 7, 2016, wife served three notices of COLAs for her maintenance award, seeking COLAs retroactive to the date her original maintenance award was effective.[2] The county attorney's office objected to the request for retroactive COLAs, and the district court, by order filed September 27, 2016, refused to award a retroactive COLA, stating:

> Wife … sought … to be permitted to seek [COLAs] retroactive to the date of the original spousal maintenance award. Leave to seek [COLAs] was ordered by the Court on January [5], 2016, but not retroactively to the 2010 award date. None of the prior orders included an allowance for [COLAs].

The district court also stated: "For the purpose of future [COLA] requests, the time period shall commence as of February 1, 2016." Wife appeals.

## ISSUES

I. Does the law-of-the-case doctrine entitle wife to a retroactive COLA?

II. Did the district court abuse its discretion by not awarding wife a retroactive COLA?

## ANALYSIS

### I. Law-of-the-Case Doctrine

■ Apparently referring to the district court's ruling in its order addressing wife's motion for post-hearing relief that "[wife] may seek cost of living adjustments for her spousal maintenance award[,]" wife asserts that, under the doctrine of law of the case, she is entitled to a COLA retroactive to February 2010. The supreme court has stated:

> The doctrine of law of the case is a rule of practice followed between the Minnesota appellate courts and the lower courts. It is a discretionary doctrine developed by the appellate courts to effectuate the finality of appellate decisions. It ordinarily applies where an appellate court has ruled on a legal issue and has remanded the case to the lower court for further proceedings … The doctrine is not normally applied by a trial court to its own prior decisions.

*Loo v. Loo*, 520 N.W.2d 740, 744 n.1 (Minn. 1994) (citations omitted); *see State v. Dahlin*, 753 N.W.2d 300, 305 n.7 (Minn. 2008) ("The law-of-the-case doctrine is a rule of practice that once an issue is considered and adjudicated, that issue should not be reexamined in that court or any lower court throughout the case." (quotation

2. The three COLA notification letters sought adjustments effective February 1, 2012, February 1, 2014, and February 1, 2016, respectively.

omitted)); *In re Welfare of M.D.O.*, 462 N.W.2d 370, 376 (Minn. 1990) (noting that the law-of-the-case doctrine does not apply if the issue has not been litigated, or the issue has not been decided at trial or on appeal); *State v. Miller*, 849 N.W.2d 94, 98 (Minn. App. 2014) ("The [law-of-the-case] doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (emphasis omitted) (quotations omitted)). For three reasons, we reject wife's law-of-the-case argument.

First, while this court previously remanded this case twice, neither of this court's prior opinions address the question of a retroactive COLA. Therefore, there was no law of the case for the district court to apply on remand.

■ Second, in wife's motion for post-hearing relief after the second remand, she requested a conclusion of law allowing her "to pursue COLA increases retroactive to the effective date of the spousal maintenance award." While it might have been helpful if the district court had explicitly addressed whether any COLA wife sought could be retroactive, the record is clear that the district court's failure to specifically address the question was, in fact, an implicit denial of that request. Indeed, generally, a district court's failure to specifically address or reserve a motion constitutes a denial of that motion. *See Palladium Holdings, LLC v. Zuni Mortg. Loan Trust*, 775 N.W.2d 168, 177-78 (Minn. App. 2009) ("[A]ppellate courts cannot assume a district court erred by failing to address a motion, and silence on a motion is therefore treated as an implicit denial of the motion."), *review denied* (Minn. Jan. 27, 2010). And to the extent there was any doubt about the status of wife's request for permission to seek a retroactive COLA, that doubt was unambiguously removed in

the district court's September 27, 2016 order, which stated: "[w]ife ... sought ... to be permitted to seek COLA adjustments retroactive to the date of the original spousal maintenance award. Leave to seek COLA adjustments was ordered by the Court on January [5], 2016, but not retroactively to the 2010 award date." We note that, generally, "a district court's construction of its own ruling is given great weight on appeal." *Tarlan v. Sorensen*, 702 N.W.2d 915, 919 (Minn. App. 2005). Thus, to the extent the district court addressed the question of a retroactive COLA, it rejected wife's request. Twice.

■ Third, as noted in *Loo*, law of the case "is not normally applied by a trial court to its own prior decisions." 520 N.W.2d at 744 n.1. Thus, even if the district court's silence in its order addressing wife's earlier request for a retroactive COLA could be read to somehow favor a retroactive COLA, the law-of-the-case doctrine did not bind the district court to any such ruling.

Wife has not shown that the district court abused its discretion when it did not apply the law-of-the-case doctrine to award her a maintenance COLA retroactive to February 2010.

## II. Cost-of-Living Award
### A. Generally

■ "A district court has broad discretion over issues of spousal maintenance, and generally we will not reverse a decision regarding maintenance absent an abuse of this discretion." *Grachek v. Grachek*, 750 N.W.2d 328, 330-31 (Minn. App. 2008) (establishing that this standard applies in appeals that involve a COLA), *review denied* (Minn. Aug. 19, 2008). A maintenance recipient "has a statutory right to seek a cost-of-living adjustment ... to a maintenance award." *Id.* at 331.

The right to request a COLA or cost-of-living adjustment to a maintenance award is separate and distinct from any right to seek a *modification* of a maintenance award. *See id.* at 331-32 (*comparing* maintenance *modifications* under section 518A.39 *with* maintenance cost-of-living *adjustments* under section 518A.75). Alternatively stated: A COLA is *not* a modification of maintenance under Minnesota Statutes section 518A.39 (2016). Thus, "[a] party may request a [COLA] without seeking to modify the maintenance award and vice versa." *Grachek*, 750 N.W.2d at 331.

### B. Wife's argument

■ Wife argues that the district court abused its discretion when it denied her a COLA retroactive to February 1, 2010. She argues that she was entitled to a retroactive COLA because she provided the statutory COLA notice and husband neither objected nor produced evidence regarding whether the COLA should be implemented. We initially note that the two cases upon which wife relies, *Huizinga v. Huizinga*, 529 N.W.2d 512 (Minn. App. 1995), and *Braatz v. Braatz*, 489 N.W.2d 262 (Minn. App. 1992), *review denied* (Minn. Oct. 28, 1992), are distinguishable. In *Braatz*, we held that the district court did not abuse its discretion by ordering a 17.6% COLA increase despite the fact that the obligor's salary and income only increased by 14.33%. 489 N.W.2d at 264-65 ("[A]ppellant's support obligation may be increased, even though his income is not subject to cost-of-living increases."). And in *Huizinga*, we ruled that the district court improperly applied the statute by denying part of the COLA sought by wife, without requiring husband to establish an insufficient increase in his income. 529 N.W.2d at 513-14. We therefore remanded with instructions to allow the parties to present evidence regarding the appropri-

ate COLA. *Id.* at 514. Neither of these cases bears on the issue presented here, that is, whether wife is entitled to a COLA for a time period before she provided husband with the statutory notice.

■ The COLA statute is divided into three separate sections, one addressing the way a maintenance recipient provides the statutorily required notice of a COLA, one outlining the way an obligor may contest a noticed COLA, and the other governing the result of any ensuing hearing. *See* Minn. Stat. § 518A.75, subd. 2, 2a, 3 (2016) (respectively). The COLA statute establishes that "[n]o adjustment under this section may be made unless the award provides for it," and the spousal-maintenance recipient "sends notice of the intended adjustment to the obligor ... at least 20 days before the effective date of the adjustment." Minn. Stat. § 518A.75, subd. 2. Here, the May 2011 dissolution judgment incorporates an attached appendix that provides for a biennial COLA to the wife's maintenance award. Wife, however, did not provide notice of the COLA until June 7, 2016. Thus, under a plain reading of the COLA statute, wife is not entitled to a COLA for earlier time periods. And the COLA statute does not otherwise authorize the district court to award a COLA for a date before the provision of the statutorily required notice. "If a statute is unambiguous, we apply the statute's plain meaning." *In re Dakota County*, 866 N.W.2d 905, 909 (Minn. 2015) (making this statement in a child support dispute). Under the plain language of the statute, the district court did not abuse its discretion by not awarding wife a COLA for a period before she provided the statutorily required notice.

### C. Preservation of a COLA

■ We analogize the rule that a maintenance recipient is not entitled to a COLA

for a time period before the provision of the statutorily required notice to a previous decision in which we determined that a child-support modification may be imposed retroactively, but only to the date on which the petitioning party filed a notice of the motion for modification. In *Buntje v. Buntje*, the dissolution judgment awarded the parties joint physical custody of their children, and a son later expressed a desire to live with father. 511 N.W.2d 479, 480 (Minn. App. 1994). In mandatory mediation, mother agreed to a change in the son's custody, but the parents reached no associated agreement regarding payment of child support. Father then moved to modify the judgment to award him support from mother. *Id.* The district court granted father's motion and directed mother to pay child support beginning eight months prior to father's motion. Mother appealed, challenging, among other things, the effective date of her support obligation. *Id.* at 480-82.

On appeal, this court noted that "[a] modification of support may be made retroactive only with respect to any period during which the petitioning party has pending a motion for modification but only from the date of service of notice of the motion on the responding party." *Id.* at 481-82 (quoting then-existing Minn. Stat. § 518.64, subd. 2(c) (1992)). Father argued that preventing retroactive support punished him for agreeing to mediate the dispute and contravened Minnesota's policy encouraging mediation. *Id.* at 482. This court rejected father's argument, noting that father "could have avoided the problem had he served the modification motion with a request that it be held in abeyance pending the parties' mediation efforts. Proceeding in that manner would have complied with the statutory requirement." *Id.* This court therefore modified the award to make the support obligation retroactive only to the date on which father served

notice of the modification motion on mother. *Id.*

Here, wife could have preserved an earlier effective date for her COLA by providing notice of that requested COLA during the pendency of the parties' then-existing disputes and, if husband contested the COLA, asking the district court to hold the question in "abeyance" pending resolution of those other disputes. *See generally, Perry v. Perry*, 749 N.W.2d 399, 403-04 (Minn. App. 2008) (recognizing that, during the pendency of an appeal of a child-support order, the district court retains authority to address a motion to modify the support order that is the subject of the appeal or to defer proceedings on the motion pending resolution of the appeal).

## DECISION

Because the prerequisites for application of the law-of-the-case doctrine are not satisfied here, the district court did not abuse its discretion by not applying that doctrine. And because wife, as the maintenance recipient, did not provide notice of her requested maintenance COLA until June of 2016, she is not entitled to a COLA retroactive to February 2010.

**Affirmed.**