# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A23-0151

In the Matter of:
Ronald Jeffrey Smith, petitioner,
Appellant,

vs.

Brian Robert Kessen, et al.,
Respondents.

**Filed October 9, 2023**
**Affirmed**
**Bratvold, Judge**

Hennepin County District Court
File No. 27-FA-20-1373

Jack Y. Perry, Victoria Brenner, Brayanna J. Bergstrom, Taft Stettinius & Hollister LLP, Minneapolis, Minnesota (for appellant)

Jason C. Brown, Barna, Guzy & Steffen, Ltd., Coon Rapids, Minnesota (for respondents)

Considered and decided by Reyes, Presiding Judge; Bratvold, Judge; and Gaïtas, Judge.

## SYLLABUS

1.      Under Minn. Stat. § 257C.03, subd. 8(b) (2022), a district court must dismiss a grandparent's petition for visitation if it finds that the grandparent cannot establish the factors for visitation under Minn. Stat. § 257C.08 (2022).

2.      Under Minn. Stat. § 257C.08, subd. 2(b), the six-month waiting period imposed for grandparent-visitation motions applies to all family court proceedings listed

in Minn. Stat. § 257C.08, subd. 2(a), and does not apply to a grandparent-visitation petition filed under Minn. Stat. § 257C.08, subd. 1.

## OPINION

**BRATVOLD**, Judge

Appellant Ronald Jeffrey Smith (grandfather) seeks review of the district court's January 23, 2023 order that denied his motions for visitation and related relief and dismissed his petition for grandparent visitation. Respondents are Brian Robert Kessen and Katherine Anne Kessen, parents of the two children who are the subject of grandfather's petition. Because we conclude that the district court's dismissal of grandfather's petition was required by Minn. Stat. § 257C.03, subd. 8(b), and that the district court did not abuse its discretion in denying related relief, we affirm.

## FACTS

This case involves a family in conflict over grandfather's contact with two grandchildren. Grandfather's daughter was married to Brian, and they had two children. Their first child was born in July 2011; grandfather's daughter died in 2014 after giving birth to their second child. Brian married Katherine in 2018, and she later adopted the two children. Before Brian remarried, grandfather met with Brian and Katherine (parents) about his "future role" as a grandparent. Grandfather created a "proposed visitation schedule" and "identified two potential mediators."

Disagreements about grandfather's contact with the grandchildren persisted, and a long procedural history with the courts followed. On March 3, 2020, grandfather filed a "Petition for Grandparent Visitation under Minn. Stat. § 257C.08, subd. 1,"and alleged a

2

"dramatic decrease in frequency and duration of [his] contact with" the children. On March 12, grandfather filed an amended petition, requesting a grandparent-visitation schedule and appointment of a grandparent consultant. This opinion refers to grandfather's amended petition as the 2020 petition. Parents opposed grandfather's requested relief.

In May 2020, grandfather moved for "grandparent visitation pursuant to Minn. Stat. § 257C.08, subd. 1," and other relief. Parents moved the district court to deny "all relief requested by" grandfather. Both parties submitted evidence. In August 2020, the district court determined that the "children share a bond with" grandfather and that it is in the best interests of the children to have visitation with grandfather. The district court found, however, that grandfather displayed a "significant pattern of disrespect and unwillingness to accept and follow Respondents' parenting decisions." Thus, the district court determined that "awarding [grandfather] court ordered visitation with the children would interfere with the parent-child relationship." Accordingly, the district court denied grandfather's 2020 petition for visitation.

In September 2020, grandfather moved for amended findings; parents opposed the motion. After a hearing, in a February 2021 order, the district court amended one finding and denied grandfather's 28 other requested amendments, noting that grandfather "is using the motion for amended findings as an opportunity to re-argue the merits."

Four months later, in the same file created by the 2020 petition, grandfather moved a second time for grandparent visitation under Minn. Stat. § 257C.08, subd. 1. Parents sought dismissal of the motion, arguing, among other things, that the motion was barred by the "doctrines of *res judicata* and collateral estoppel." The district court first denied

parents' request to dismiss grandfather's visitation motion. Then, the district court again denied grandfather's 2020 petition in a written decision, finding that granting visitation would interfere with the parent-child relationship. The district court cited grandfather's "aggressive tactics and desire to seek litigation to get his way" as evidence of his "strident efforts to interfere with the decision making and choices of" parents. At no point did the district court dismiss grandfather's 2020 petition.

Grandfather appealed the district court's order, this court affirmed, and, in September 2022, the supreme court denied grandfather's petition for further review of this court's opinion. *Smith v. Kessen*, No. A21-1521, 2022 WL 2659293, at *4 (Minn. App. July 11, 2022), *rev. denied* (Minn. Sept. 20, 2022). One month after the supreme court denied review, grandfather—again in the district court file created by his 2020 petition— filed a third motion for grandparent visitation under Minn. Stat. § 257C.08, subd. 1, and for related relief. In connection with this motion, grandfather served discovery requests for documents, subpoenas, and deposition notices.

Parents moved to dismiss grandfather's visitation motion, for a protective order to prevent grandfather from taking depositions, and for an order quashing grandfather's subpoenas. In parents' supporting memorandum of law, they urged the district court to dismiss grandfather's visitation motion, arguing that it was "not properly before the Court," there was "no pending action before the Court," and grandfather did "not have standing to proceed."

Grandfather then moved to compel discovery and to strike parents' motion for a protective order and to quash subpoenas. After a hearing, the district court issued a written

4

order on January 23, 2023, stating that "[t]here has been a final judgment," dismissing "this matter," and denying "[a]ll pending motions." Grandfather appeals.

## ISSUES

I.      Did the district court abuse its discretion by dismissing grandfather's petition for visitation?

II.     Did the district court abuse its discretion by denying grandfather's motion to compel discovery and enforce subpoenas?

## ANALYSIS

I.      **The district court did not abuse its discretion by dismissing grandfather's petition for visitation because it found grandfather could not establish the factors required for visitation.**

Under Minnesota law, grandparents and great-grandparents can petition for visitation with an unmarried minor child. Minn. Stat. § 257C.08. The supreme court has explained that the legislative purpose in enacting Minn. Stat. § 257C.08 "was to give grandparents and great-grandparents a legal right to visitation with their grandchildren," which "had to come via statute because historically, grandparents had virtually no legal right to maintain a relationship with a grandchild independent of the wishes of the child's parents." *Rohmiller v. Hart*, 811 N.W.2d 585, 591 (Minn. 2012) (quotation omitted). Appellate courts review an order denying grandparent visitation for an abuse of discretion. *Olson v. Olson*, 534 N.W.2d 547, 550 (Minn. 1995). "A district court abuses its discretion by making findings of fact that are unsupported by the evidence, misapplying the law, or delivering a decision that is against logic and the facts on record." *Woolsey v. Woolsey*, 975 N.W.2d 502, 506 (Minn. 2022) (quotation omitted).

5

Here, grandfather's 2020 petition was brought under Minn. Stat. § 257C.08, subd. 1, to which we will refer as subdivision 1 and which states:

> If a parent of an unmarried minor child is deceased, the parents and grandparents of the deceased parent may be granted reasonable visitation rights to the unmarried minor child during minority by the district court upon finding that visitation rights would be in the best interests of the child and would not interfere with the parent child relationship. The court shall consider the amount of personal contact between the parents or grandparents of the deceased parent and the child prior to the application.

Minn. Stat. § 257C.08, subd. 1.

Subdivision 1 provides that when a grandparent petitions for visitation and shows that the parent of an unmarried minor child is deceased, the district court must make two determinations before awarding the grandparent visitation: (1) visitation is in the child's best interests *and* (2) visitation will not interfere with the parent-child relationship. Minn. Stat. § 257C.08, subd. 1; *Givens v. Darst*, 800 N.W.2d 652, 656 (Minn. App. 2011), *rev. denied* (Minn. Aug. 24, 2011). The district court may not rely solely on a best-interests analysis to award visitation to a grandparent against a fit parent's wishes. *See Rohmiller*, 811 N.W.2d at 595 (considering aunt's equitable argument for visitation after rejecting her statutory argument for visitation under Minn. Stat. § 257C.08). "[I]n order to afford due deference to the fit custodial parent, the burden of proof must be on the party seeking visitation, and the standard of proof must be clear and convincing evidence." *SooHoo v. Johnson*, 731 N.W.2d 815, 823 (Minn. 2007) (considering parent's former domestic partner's petition for visitation under Minn. Stat. § 257C.08).

6

On appeal, grandfather challenges the district court's dismissal of his 2020 petition, raising four arguments: (A) parents did not move to dismiss the petition; (B) dismissal only applies to a petition made under subdivision 1 when the petitioning party lacks standing; (C) the district court had continuing jurisdiction over the petition because an earlier ruling was the law of the case; and (D) the district court had continuing jurisdiction over the petition based on the six-month waiting period set out in a related subdivision of Minn. Stat. § 257C.08. We address each argument in turn.

## A.  A dismissal motion is not required.

The parties' arguments ask us to interpret Minn. Stat. § 257C.03, subd. 8(b), to which we will refer as subdivision 8(b) and which provides: "If the court finds that a party cannot establish factors for visitation under section 257C.08, the court must dismiss a petition for visitation." Grandfather contends that the district court erred in dismissing his petition because parents never made "the requisite motion" under subdivision 8(b) "for the dismissal of . . . [the] grandparent visitation action." This argument assumes that a district court cannot dismiss a petition without a motion to dismiss. Parents disagree and contend that subdivision 8(b) "reflect[s] a mandate upon the district court" and "does not require anything of a party to the action."

To identify the requirements of subdivision 8(b), we must interpret its language to give effect to the legislature's intent. The "interpretation and construction of statutes are questions of law" that appellate courts review de novo. *Lewis-Miller v. Ross*, 710 N.W.2d 565, 568 (Minn. 2006). "If a statute is unambiguous, [appellate courts] apply the statute's plain meaning." *In re J.M.M. ex rel. Minors*, 937 N.W.2d 743, 747 (Minn. 2020) (quotation

7

omitted). "The goal of statutory interpretation is to ascertain the intention of the legislature." *In re Welfare of Child. of A.M.F.*, 934 N.W.2d 119, 122 (Minn. App. 2019) (quotation omitted).

The language of subdivision 8(b) is unambiguous, and the parties do not contend otherwise. As noted above, it is one sentence and provides, "If the court finds that a party cannot establish factors for visitation under section 257C.08, the court must dismiss a petition for visitation." Minn. Stat. § 257C.03, subd. 8(b). The legislature uses "must" to convey mandatory acts. Minn. Stat. § 645.44, subd. 15a (2022) ("'[M]ust' is mandatory."); *Spann v. Minneapolis City Council*, 979 N.W.2d 66, 74 (Minn. 2022) ("When interpreting statutes, must is mandatory." (quotation omitted)). Thus, if a district court finds that a petitioning party cannot establish the factors for visitation under Minn. Stat. § 257C.08, dismissal of the petition is mandatory.

Subdivision 8(b) does not mention a motion to dismiss, and the only prerequisite for statutorily mandated dismissal of the petition is a finding that the petitioner cannot establish the factors for visitation under Minn. Stat § 257C.08. When a statute is unambiguous, we apply its plain meaning. *J.M.M.*, 937 N.W.2d at 747; *see also Gen. Mills, Inc. v. Comm'r of Revenue*, 931 N.W.2d. 791, 800 (Minn. 2019) (refusing to add "words of limitation or modification to parts of the statute where they were not used"). We therefore reject grandfather's argument that we should read a motion requirement into subdivision 8(b).

We agree with parents that the district court found grandfather did not establish the factors for visitation under subdivision 1 and that this finding was affirmed on appeal.

8

*Smith*, 2022 WL 2659293, at *3. Therefore, the district court was required to dismiss grandfather's petition under subdivision 8(b).

**B.    Dismissal of a visitation petition is not limited to lack of standing.**

Grandfather alternatively asserts that "the district court could not dismiss" his petition because subdivision 8(b) applies only to "a petitioner's inability to meet standing requirements." Grandfather points out that the district court stated grandfather "has been previously found to have standing."

It is true that the district court found grandfather had standing to pursue a petition under subdivision 1. But grandfather does not identify any caselaw or statutory language in subdivision 8(b) that limits the grounds for dismissal of a visitation petition to a lack of standing.[1] And as noted above, we will not add language to a statute. *See Gen. Mills, Inc.*, 931 N.W.2d. at 800. Thus, the terms of subdivision 8(b) requiring dismissal of grandfather's 2020 petition were satisfied here without reference to grandfather's standing.

---

[1] Grandfather relies on two cases, neither of which is helpful to our analysis of subdivision 8(b). Grandfather cites *Lewis-Miller*, in which the supreme court determined the requirements to obtain an evidentiary hearing for a third party seeking child custody under Minn. Stat. § 257C.03, subd. 7 (2004). 710 N.W.2d at 570. Here, grandfather did not seek child custody under section 257C.03; rather, grandfather petitioned for visitation under subdivision 1 of section 257C.08. Thus, because grandfather sought different relief under a different statutory provision, *Lewis-Miller* lacks weight here. Grandfather also cites *Rohmiller*, in which the supreme court determined that the appellant was not entitled to visitation with the child of her deceased sister under subdivision 1 because she was "neither a parent nor grandparent of [the child's deceased] mother." 811 N.W.2d at 589. Here, grandfather is the parent of the minor children's deceased mother. Thus, the relevant part of *Rohmiller* is distinguishable.

## C. Law-of-the-case doctrine does not apply here.

Grandfather argues that the district court had "continuing jurisdiction" over his visitation petition because its order suggested as much and that this "ruling is . . . the binding law of the case." We are not persuaded for two reasons.

First, grandfather's brief to this court does not explain in what way the district court recognized some form of "continuing jurisdiction" over grandfather's visitation petition. In rejecting parents' argument that *res judicata* and collateral estoppel barred grandfather's second motion for visitation, the district court noted that "[a]s is the nature of family law, the issue[s] of custody, parenting time, and even support [are] routinely revisited" and decided that it was appropriate that the district court "should rule on the merits" of grandfather's second motion for visitation. At no point did the district court specifically address its "jurisdiction" or use the term "continuing jurisdiction."

Second, even if we assume that the district court recognized its "continuing jurisdiction," the law-of-the-case doctrine does not apply here. "The doctrine of law of the case is a rule of practice . . . developed by the appellate courts to effectuate the finality of appellate decisions" and "is not normally applied by a trial court to its own prior decisions." *Loo v. Loo*, 520 N.W.2d 740, 744 n.1 (Minn. 1994) (citation omitted); *see also Anderson v. Anderson*, 897 N.W.2d 828, 832 (Minn. App. 2017) (citing *Loo* in declining to apply the law-of-the-case doctrine to the district court's prior ruling), *rev. granted* (Minn. Aug. 22, 2017) *and appeal dismissed* (Minn. Jan. 30, 2018). "Law of the case applies when the appellate court has ruled on a legal issue and remanded for further proceedings on other matters. The issue decided becomes law of the case and may not be relitigated in the trial

10

court or reexamined in a second appeal." *Sigurdson v. Isanti County*, 448 N.W.2d 62, 66 (Minn. 1989) (quotation omitted). Here, this court's prior opinion did not remand any issues to the district court, nor did we rule on the issue of jurisdiction. Thus, there was no applicable law of the case.

**D.     The six-month waiting period does not apply to grandfather's petition.**

Related to his third argument, grandfather asserts that the district court has "continuing jurisdiction" over a grandparent-visitation petition even after it denies that petition because Minn. Stat. § 257C.08, subd. 2(b), imposes a "six-month delay" or waiting period between visitation "motions." Parents respond that "[a]t no time has Grandfather sought visitation pursuant to Minn. Stat. § 257C.08, subd. 2."

We agree with parents that grandfather petitioned for visitation solely under subdivision 1. Grandfather has never asserted visitation rights under Minn. Stat. § 257C.08, subd. 2, to which we will refer as subdivision 2. It appears that grandfather began tying his visitation claim to subdivision 2 only after parents challenged his subdivision 1 claim. Thus, even if subdivision 2 could apply here, grandfather did not seek relief under that provision.

Parents also contend that grandfather "must seek visitation through a petition, not a motion." The parties' arguments ask us to interpret and apply subdivision 2, which states:

> (a) In all proceedings for dissolution, custody, legal separation, annulment, or parentage, after the commencement of the proceeding, or at any time after completion of the proceedings, and continuing during the minority of the child, the court may, upon the request of the parent or grandparent of a party, grant reasonable visitation rights to the unmarried minor child, after dissolution of marriage, legal separation,

11

annulment, or determination of parentage during minority if it finds that: (1) visitation rights would be in the best interests of the child; and (2) such visitation would not interfere with the parent-child relationship. The court shall consider the amount of personal contact between the parents or grandparents of the party and the child prior to the application.

(b) *If a motion for grandparent visitation has been heard and denied, unless agreed to in writing by the parties, no subsequent motion may be filed within six months after disposition of a prior motion on its merits.*

Minn. Stat. § 257C.08, subd. 2 (emphasis added).

Courts must read statutes "as a whole." *Rohmiller*, 811 N.W.2d at 589. In doing so, we "consider not only the bare meaning of the word or phrase but also its placement and purpose in the statutory scheme." *Goodman v. Best Buy, Inc.*, 777 N.W.2d 755, 758 (Minn. 2010) (quotation omitted). Reading Minn. Stat. § 257C.08 as a whole, we note that three points weigh against grandfather's proposed reading of subdivision 2.

First, each subdivision of Minn. Stat. § 257C.08 addresses grandparent visitation in a different factual context. *See* Minn. Stat. § 257C.08, subds. 1-6 (addressing grandparent visitation if the child's parent is deceased; in "proceedings for dissolution, custody, legal separation, annulment, or parentage"; if the child "has resided with grandparents"; if the child has resided with a person "other than a foster parent"; if the child has been adopted; and if the child has been "adopted by a stepparent," respectively).[2] As noted above, grandfather's petition sought visitation under subdivision 1.

---

[2] The two remaining subdivisions in Minn. Stat. § 257C.08 are not relevant here. Minnesota Statutes section 257.08C, subdivision 7, was ruled unconstitutional. *SooHoo*, 731 N.W.2d at 824. And Minn. Stat. § 257.08C, subd. 8, notes that proceedings under Minn. Stat. § 257C.08 cannot be combined with a domestic-abuse proceeding.

Second, the only subdivision mentioning the six-month waiting period is subdivision 2, which deals with grandparent visitation in "proceedings for dissolution, custody, legal separation, annulment or parentage." Minn. Stat. § 257C.08, subd. 2(a). Yet this proceeding is *not* one of those types of proceedings.

Third, if—as here—the district court determines that a grandparent seeking visitation with a child cannot establish the factors that would support an award of grandparent visitation, then subdivision 8(b) mandates dismissal of the petition. Minn. Stat. § 257C.03, subd. 8(b). Thus, grandfather seems to be arguing that the six-month waiting period in subdivision 2 requires the district court to retain jurisdiction over a petition that subdivision 8(b) required the district court to dismiss. This is illogical.

Because it appears that subdivision 2 does not apply here, and because applying that provision would produce the counterintuitive result of requiring a district court to retain jurisdiction over a petition it is required to dismiss, we reject grandfather's argument that subdivision 2 applies to his petition. In rejecting grandfather's argument, we hold that the six-month waiting period in subdivision 2 applies only to grandparent motions for visitation in "proceedings for dissolution, custody, legal separation, annulment, or parentage" and does not apply to grandparent-visitation petitions filed under subdivision 1. Minn. Stat. § 257C.08, subds. 1, 2.

Summing up our analysis of the district court's decision to dismiss grandfather's visitation petition, we conclude that Minn. Stat. § 257C.03, subd. 8(b), requires a district court to dismiss a petition for visitation filed under Minn. Stat. § 257C.08, subd. 1, upon finding that the petitioning party cannot establish the factors for visitation. Thus, the district

13

court properly dismissed grandfather's 2020 petition because it had determined that awarding grandfather visitation would interfere with the parent-child relationship.

We recognize that, given the long history in this case, future visitation petitions are not unlikely. The district court repeatedly urged the parties to resolve visitation informally, and we agree with that sentiment. We also echo the legislature's directive that two factors dominate whatever course visitation takes: protecting the best interests of the children and ensuring that grandparent visitation does not interfere with the parent-child relationship. Minn. Stat. § 257C.08, subd. 1. We observe that perpetual visitation-related litigation is likely contrary to the best interests of the children.

## II. The district court did not abuse its discretion by denying grandfather's motion to compel discovery and enforce subpoenas.

The district court's January 2023 order dismissed grandfather's visitation petition and denied "[a]ll pending motions" without addressing the merits of the parties' discovery disputes. Grandfather challenges the district court's denial of "the 'compel' portion" of his motion to strike parents' motion to quash depositions and subpoenas and to compel discovery. For two reasons, we conclude that grandfather is not entitled to relief.

First, we need not decide the merits of grandfather's motion to compel discovery and enforce subpoenas. "A reviewing court must generally consider only those issues that the record shows were presented [to] and considered by the trial court in deciding the matter before it." *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (quotation omitted). In other words, this court will "not consider . . . [a] question raised below, if it was not passed on by the trial court." *Id.* (quotation omitted). Further, "[t]he purpose of appellate review is to

14

determine whether a trial court has made an error and not to try the case de novo." *In re Welfare of M.D.O.*, 462 N.W.2d 370, 374 (Minn. 1990). The role of appellate courts is not to find facts. *Id.* at 375 (stating that the appellate court erroneously "stray[ed] beyond the established standard of review into the fact finding domain of the trial court"); *Kucera v. Kucera*, 146 N.W.2d 181, 183 (Minn. 1966) ("It is not within the province of [appellate courts] to determine issues of fact on appeal."). Because the district court did not address the merits of grandfather's motion to compel discovery and enforce subpoenas, those questions may not be properly before this court.

Second, if we examine the district court's decision to deny grandfather's discovery motions, then we conclude that the district court did not abuse its discretion. *See Erickson v. MacArthur*, 414 N.W.2d 406, 407 (Minn. 1987) ("Absent a clear abuse of discretion, a trial court's decision regarding discovery will not be disturbed."). "It is fundamental that the only objective of the pretrial discovery rules is to allow a party to obtain all of the facts relative to a claim or defense." *Garrity v. Kemper Motor Sales*, 159 N.W.2d 103, 107 (Minn. 1968). As we ruled above, the district court properly dismissed grandfather's petition, meaning no claims or defenses remained. Accordingly, the district court's denial of grandfather's motion to compel discovery and enforce subpoenas was not an abuse of discretion.

**DECISION**

We first resolve grandfather's challenge to the dismissal of his visitation petition. We hold that Minn. Stat. § 257C.03, subd. 8(b), requires a district court to dismiss a petition for grandparent visitation if it finds the petitioning party cannot establish the factors for

visitation under Minn. Stat. § 257C.08. Thus, the district court did not abuse its discretion by dismissing grandfather's petition after determining that grandfather failed to prove visitation would not interfere with the parent-child relationship.

We also address grandfather's challenge to the district court's denial of his motion to compel discovery and enforce subpoenas. We conclude that because the district court properly dismissed grandfather's petition and there was no longer a pending action, the district court did not abuse its discretion by denying grandfather's motion to compel discovery and enforce subpoenas.

**Affirmed.**